Argued and submitted January 26, affirmed September 29, 1999

In the Matter of the Compensation of
Juan Serrano, Claimant.

CROMAN CORPORATION,
*Petitioner,*

*v.*

Juan SERRANO,
*Respondent.*

(95-02746; CA A101466)

986 P2d 1253

Elliott C. Cummins argued the cause for petitioner. With him on the brief was Cummins, Goodman, Fish & Platt, P. C.

Bruce D. Smith argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## EDMONDS, P. J.

Employer seeks review of a Workers' Compensation Board order in which the Board set aside employer's denial of claimant's claim as an impermissible preclosure denial of medical treatment. We review for substantial evidence and errors of law, ORS 183.482(7) and (8), and affirm.

In October 1994, claimant injured his back and left shoulder and suffered a cervical strain from a fall at work. Employer accepted the claim as a disabling injury and specified the accepted conditions as: "[c]ervical contusion and left shoulder, cervical/back strain." Sometime thereafter, employer concluded that claimant's need for ongoing medical treatment was not related to the accepted injury. Employer based its conclusion on an examination and report by Dr. Dickerman. In his report, Dickerman concluded that the work-related injuries had been resolved and that claimant's subjective complaints were inconsistent with his physical injuries. In February 1995, employer issued a post-acceptance, preclosure denial under ORS 656.262(7)(b):

> "It is [Dr. Dickerman's] opinion, and we agree, the conditions you received from your fall * * * are completely resolved and you are no longer in need of medical treatment. We must, therefore, deny ongoing medical treatment as not being related to your claim of October 25, 1994."

After the denial, other physicians continued diagnostic testing and treatment of claimant for the shoulder injury. Some of the evaluations done after February 1995 indicate that claimant exhibited a pain disorder or was malingering. In October 1995, a determination order closed the claim with no award of permanent disability. The closure was affirmed by a medical arbiter on reconsideration.

Claimant requested a hearing, contesting the denial. An administrative law judge concluded that the denial was procedurally proper and that claimant's complaints were "no longer related to the effects of his compensable injury." On review, the Board disagreed. It said, in part:

> "ORS 656.262(7)(b) applies only if the accepted condition, whether voluntary or by litigation, was a 'combined

condition.' Under ORS 656.005(7)(a)(B), a 'combined condition' exists when a compensable injury combines with a preexisting condition to cause or prolong disability or a need for treatment. A 'combined condition' is compensable 'only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause' of the disability or need for treatment of the combined condition. Here, the employer accepted a cervical contusion and left shoulder, cervical/back strain. There is no evidence that the employer accepted a 'combined condition.' Therefore, ORS 656.262(7)(b) does not apply.

"* * * * *

"Here, the employer accepted a cervical contusion and left shoulder, cervical/back strain. On February 28, 1995, before the claim was closed, the employer denied claimant's current conditions on the basis that the conditions had 'completely resolved' and he was no longer in need of medical treatment. The employer denied ongoing medical treatment as unrelated to the October 25, 1994 injury. Although the employer argues that psychological factors had taken over as the driving factor for claimant's claim, the employer's February 28, 1995 denial only mentions that claimant's accepted conditions had resolved. The denial makes no reference to any psychological factors affecting claimant's conditions.

"* * * * *

"After reviewing the record, we conclude that the medical evidence establishes that claimant's current conditions as of the February 1995 denial were not clearly separate or severable from the accepted cervical contusion and left shoulder, cervical/back strain. At the time the denial was issued, the claim was not yet closed. Under these circumstances, we conclude that the employer's partial denial with respect to claimant's current conditions was an invalid preclosure denial of accepted conditions and must be set aside.

"Furthermore, we conclude that the employer's preclosure denial of claimant's conditions as 'completely resolved' is an impermissible denial of future responsibility with respect to the compensable cervical contusion and left shoulder, cervical/back strain. * * * The effect of the employer's denial was to limit its acceptance to a 'resolved' cervical contusion and left shoulder, cervical/back strain

and to deny future medical treatment for those conditions." (Citations omitted.)

Accordingly, the Board set aside the denial and ordered that the claim be remanded to employer for processing.

■ Employer first assigns error to the Board's conclusion that ORS 656.262(7)(b) does not apply to this case.[1] The gist of employer's argument, as we understand it, is that the legislature intended that, when a non-work-related condition combines with a work-related condition *after* acceptance, the statute provides a means by which an employer can deny the condition if the work-related cause is no longer the major contributing cause of the combined condition. Employer makes several statutory construction arguments and asserts that the Board's decision is contrary to the legislature's intent. Employer says that the Board erred in ruling that "[t]he combining must have occurred by the time of the original acceptance. In so concluding, the Board has impermissibly rewritten the statute."

■ First, the Board correctly concluded that in order for employer to have issued properly a preclosure denial under ORS 656.262(7)(b) and ORS 656.262(6)(c), it must have *accepted* a combined condition. Under ORS 656.005(7)(a)(B), a combined condition exists when a compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment. When ORS 656.005(7)(a)(B) is read with the language of ORS

---

[1] ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

"ORS 656.262(7)(b) is a notice statute. Its purpose is to ensure that, if an insurer is going * * * to deny an accepted condition [under ORS 656.262(6)(c)]," it gives notice of that action to the claimant. *SAIF v. Beldon*, 155 Or App 568, 574, 904 P2d 300 (1998), *rev den* 328 Or 330 (1999) (footnote omitted).

ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

656.262(6)(c), it is clear that the combined condition must have been accepted before it may be denied under the statute.

Here, the Board found that employer accepted a cervical contusion and left shoulder, cervical/back strain. Employer does not contend that any of those conditions constituted a preexisting condition. Rather, employer asserts that claimant had a preexisting psychological condition that combined with the accepted condition and that became the major cause of the need for treatment after acceptance. The Board's finding that there is no evidence that employer ever accepted a combined condition that included the preexisting psychological condition is supported by substantial evidence. Accordingly, the Board did not err in concluding that ORS 656.262(7)(b) did not apply to this case at the time of employer's denial because there had not been an accepted combined condition.

■ In its second assignment of error, employer argues that the Board improperly "focused entirely upon the medical evidence that had been obtained by [e]mployer *prior to* the issuance of its denial. * * * From this finding, the Board then jumped to the conclusion that the denial dealt with the *same* condition that had been accepted in November, 1994." (Emphasis in original.) Employer's third assignment of error is in a similar vein. It asserts that "[t]he Board erred when it failed to determine that the record, viewed as a whole, could only permit the conclusion that Claimant's need for treatment was based upon a different condition than that accepted by the Employer." In determining whether the February 1995 denial was proper under ORS 656.262(6)(c) and ORS 656.262(7)(b), we fail to understand how medical evidence that claimant's psychological condition combined with his accepted conditions after the denial bears on the authority of employer to properly deny the accepted condition when such evidence did not exist before the denial.

In addition, the February 1995 denial by its terms was an attempt to deny future medical treatment on an accepted claim on the ground that ongoing medical treatment was not related to the compensable injury. If employer believed that the accepted conditions were resolved and that

claimant was no longer in need of medical treatment for those conditions as it stated in its denial, then it could have closed the claim. ORS 656.268(1). *Altamirano v. Woodburn Nursery, Inc.*, 133 Or App 16, 889 P2d 1305 (1995); *Evanite Fiber Corp. v. Striplin*, 99 Or App 353, 357, 781 P2d 1262 (1989). Accordingly, we conclude that the Board did not err in focusing on the evidence before the February 1995 denial in determining whether to set aside employer's denial of claimant's claim as an impermissible preclosure denial of medical treatment for an accepted condition.

Affirmed.