Argued and submitted June 2, reversed and remanded for reconsideration
December 6, 2000

In the Matter of the Compensation of
Tracey A. Blamires, Claimant.

Tracey A. BLAMIRES,
*Petitioner,*

*v.*

CLEAN PAK SYSTEMS, INC.,
and Liberty Northwest Insurance Corporation,
*Respondents.*

(98-02326, 98-04194;
CA A103926 (Control), A104459)
(Cases Consolidated)

15 P3d 101

John M. Oswald argued the cause for petitioner. With him on the brief were Gayle A. Shields, and Bottini, Bottini & Oswald.

Leah D. Sideras argued the cause for respondents. With her on the brief was Wallace, Klor & Mann, P. C.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

EDMONDS, P. J.

* Deits, C. J., *vice* Warren, S. J.

**EDMONDS, P. J.**

This is a workers' compensation case in which claimant seeks review of two orders of the Workers' Compensation Board upholding employer's denials of compensation. He contends that the Board erred in affirming the employer's denials of coverage because its denials were premature under *Croman Corp. v. Serrano,* 163 Or App 136, 986 P2d 1253 (1999). Because the Board did not make a finding as to whether acceptance occurred before the denial in question, we remand for reconsideration.

Claimant was injured while working for employer on October 16, 1997. His work-related injuries were diagnosed as cervical and lumbar strains. A recitation of all of the medical evidence about the nature of his injuries is unnecessary for purposes of review. Claimant was treated for his workplace injury, and in a November 25, 1997, medical examination requested by employer, physicians discovered that he also had a degenerative condition that had combined with his workplace injuries. At that time, his workplace injuries were deemed the major contributing cause of his need for treatment, and claimant's condition was accepted by employer.

The following timeline shows the processing of claimant's claim by employer and is set out at length because it demonstrates the procedural error alleged.

January 5, 1998: Employer accepts claimant's cervical and lumbar strains (first acceptance).

February 25, 1998: The treating physician recommends surgery.

March 11, 1998: Claimant undergoes a second medical examination, where a panel of doctors concludes that claimant's workplace injury is medically stationary, that his work related injury is resolved, and that his pre-existing degenerative condition has become the major contributing cause of his need for treatment.

| | |
|---|---|
| March 17, 1998: | Employer issues its first denial of claimant's combined condition (first denial), claimant requests a hearing on the first denial. |
| March 18, 1998: | The claim is closed (first closure). |
| May 1, 1998: | The first denial of March 17 is set aside by the hearings division because employer had not accepted a combined condition before issuing the first denial. |
| May 21, 1998: | The closure of March 18 is also set aside by the hearings division. |
| May 22, 1998: | Employer issues a second denial of the combined condition on the ground that the workplace injury is no longer the major contributing cause of the combined condition. |
| May 26, 1998: | Employer expressly accepts the combined condition. |
| May 28, 1998: | Employer closes the claim; claimant requests a hearing. |
| June 19, 1998: | The second denial is set aside by the hearings division for substantive error. |
| July 8, 1998: | The second closure is set aside by the hearings division; claimant appeals to the Board. |
| September 24, 1998: | The Board reverses the ALJ and reinstates the March 17 denial. |
| December 1, 1998: | The Board reverses the ALJ and reinstates the May 22 denial. |

■ Claimant assigns as error the Board's reinstatements of the March 17 and May 22 denials of his combined condition. He argues that the denials were not authorized under ORS 656.262(7)(b),[1] and that under ORS

---

[1] ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer

656.262(6)(c),[2] the employer was required to accept claimant's combined condition before it could deny it, relying on our holding in *Croman Corp.*[3]

■ The rule of *Croman Corp.* is that, under the wording of ORS 656.262(6)(c), the acceptance of a combined condition must precede the denial of a combined condition. Here, the Board did not make *any* finding about whether the January 5, 1998, acceptance was the acceptance of a combined condition. Rather, it did not believe that it was required to do so. The Board concluded,

> "Unlike the proceeding regarding the insurer's first 'pre-closure' denial, the insurer's second 'Updated Notice of Acceptance At Closure,' issued May 26, 1998, indicated that the insurer accepted a combined condition. But, given our determination in the first proceeding, it was not necessary for the insurer [first] to accept the combined condition in order to take advantage of the right to deny claimant's combined condition under ORS 656.262(7)(b)."

That ruling was error under our holding in *Croman Corp.*

Reversed and remanded for reconsideration.

the major contributing cause of the worker's combined condition before the claim may be closed."

[2] ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

[3] The Board's final decision in this case was made on December 1, 1998, and petitioner sought review on December 2, before *Croman Corp.* was decided.