Argued and submitted September 24, 1999, affirmed on petition and on cross-petition February 14, respondent Industrial Indemnity's motion to modify allowance of costs filed February 16, respondent - cross-petitioner's petition for reconsideration filed February 22 and respondent SAIF/J&J Trucking's response filed March 1 allowed by opinion April 25, 2001

See 173 Or App 599 (2001)

In the Matter of the Compensation of
Fred L. Dobbs, Claimant, Deceased.

## SAIF CORPORATION
and Jerry & Jean Trucking, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

Patricia DOBBS,
successor in interest for Fred L. Dobbs, deceased,
*Respondent - Cross-Petitioner,*

*and*

## SAIF CORPORATION/SHERMAN BROTHERS,
Liberty Northwest Insurance Corporation/
Sherman Brothers, and Industrial Indemnity/
Kwik Kafe of Oregon,
*Respondents.*

(WCB 97-09540, 97-09535, 97-07489,
97-02870; CA A104744)

19 P3d 932

Jenny Ogawa argued the cause for petitioners - cross-respondents. With her on the briefs was Kevin L. Mannix, P.C.

Thomas M. Cary argued the cause for respondent - cross-petitioner. With him on the brief was Cole, Cary, Wing & Bloom, P.C.

Julene M. Quinn argued the cause and filed the brief for respondents SAIF Corporation/Sherman Brothers.

David O. Wilson filed the brief for respondents Liberty Northwest Insurance Corporation/Sherman Brothers.

John Snarskis argued the cause and filed the brief for respondents Industrial Indemnity/Kwik Kafe of Oregon.

Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

**WOLLHEIM, J.**

The primary issue in this workers' compensation case is which of claimant's multiple employers is responsible for his current low back condition. The Workers' Compensation Board assigned responsibility to Jerry and Jean Trucking and its insurer, SAIF Corporation (SAIF/J&J). They sought review of the Board's order, and claimant cross-petitioned from the Board's order, asserting that under ORS 656.308 or *Industrial Indemnity Co. v. Kearns*, 70 Or App 583, 690 P2d 1068 (1984), claimant's subsequent employer, SAIF/Sherman Brothers, is responsible. Claimant also seeks attorney fees in his cross-petition. We affirm the Board on both the petition and cross-petition.

In May 1978, claimant sustained a low back injury while working for Kwik Kafe, which was insured by Industrial Indemnity (II/Kwik Kafe). Testing revealed that claimant had degenerative changes in his low back. Claimant underwent a lumbar laminectomy. In December 1978, the claim was closed with an award of 15 percent unscheduled permanent partial disability (PPD). In June 1980, claimant underwent another lumbar laminectomy. The claim was again closed in July 1981 with an award of an additional 10 percent unscheduled PPD.

In July 1983, claimant sustained another back injury while working for Jerry & Jean Trucking. SAIF/J&J accepted the claim but did not specify what condition it accepted. This claim was closed in February 1984 with an award of 15 percent unscheduled PPD.

In the mid-1980s, claimant began working as a truck driver for Sherman Brothers, which was then insured by Liberty Northwest Insurance Corporation (LNW/Sherman). In February 1987, claimant sustained a back and shoulder injury. LNW/Sherman accepted the claim but did not specify what condition it accepted. This claim was closed in April 1987 without an award of any PPD.

In September 1994, claimant sustained yet another low back injury while working for Sherman Brothers. At that time, Sherman Brothers was insured by SAIF (SAIF/

Sherman). SAIF/Sherman accepted a nondisabling claim for a lumbosacral/cervical strain.

While still working for Sherman Brothers, claimant sustained his most recent low back injury in November 1996. SAIF still insured Sherman Brothers at the time of this injury. On February 7, 1997, SAIF/Sherman accepted a claim for a nondisabling lumbar strain.

Claimant's condition continued to be symptomatic, and his attending physician recommended additional surgery. In April 1997, SAIF/Sherman issued a compensability denial of claimant's current condition, stating:

> "Your accepted lumbar strain *combined with* one or more pre-existing condition(s). However, on March 17, 1997, your lumbar strain has ceased to be the major cause of the treatment and disability of the *combined condition*." (Emphasis added.)

In May 1997, SAIF/Sherman issued a disclaimer of responsibility but did not request a paying agent order pursuant to ORS 656.307. Soon thereafter, II/Kwik Kafe, SAIF/J&J, and LNW/Sherman also disclaimed responsibility for claimant's current condition.

The administrative law judge (ALJ) set aside SAIF/Sherman's compensability and responsibility denial and upheld the responsibility denials of the other insurers. On review, the Board reversed that part of the ALJ's order that set aside SAIF/Sherman's compensability and responsibility denials and concluded that SAIF/J&J was responsible for claimant's current low back condition.

The focus of the Board's analysis was on which insurer remained responsible for claimant's current low back condition under ORS 656.308(1).[1] The Board first examined

---

[1] ORS 656.308(1) provides, in part:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."

whether claimant's current low back condition was a condition previously accepted by SAIF/Sherman in 1994 or 1996. The Board found that SAIF/Sherman's prior acceptances were limited to "a nondisabling lumbar strain and a nondisabling lumbosacral/cervical strain." The Board then concluded that claimant's current low back condition included "degeneration of the lumbar spine and spinal stenosis[.]" The Board reasoned that because claimant's current low back condition did not involve the same condition previously accepted by SAIF/Sherman, ORS 656.308(1) did not apply. *See Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 993 P2d 174 (1999). The Board upheld SAIF/Sherman's denials.

Next, the Board found that claimant's current low back condition was the same condition accepted by SAIF/J&J in 1983. Accordingly, the Board held that SAIF/J&J was responsible for claimant's current low back condition.

■■ The scope of SAIF/J&J's acceptance is a question of fact. *SAIF v. Tull*, 113 Or App 449, 832 P2d 1271 (1992). The Board's order determining that claimant's current low back condition is the same condition accepted by SAIF/J&J but not the same condition accepted by SAIF/Sherman is supported by substantial evidence. We therefore affirm the Board's determination that SAIF/J&J is responsible for claimant's current condition.

In his cross-petition, claimant contends, among other things, that he is entitled to attorney fees from SAIF/Sherman under ORS 656.386(1). In light of our determination affirming the Board's order upholding SAIF/Sherman's compensability denial, we reject the contention. We also reject claimant's remaining assignments of error without further discussion.[2]

Affirmed on petition and cross-petition.

---

[2] We asked the parties for additional briefing to address the application of *Croman Corp. v. Serrano*, 163 Or App 136, 986 P2d 1253 (1999). We are persuaded that that decision is inapplicable here, primarily because no party has challenged the procedural propriety of SAIF/Sherman's denial.