On respondent Industrial Indemnity's motion to modify allowance of costs filed February 16; respondent - cross-petitioner's petition for reconsideration filed February 22; respondent SAIF/J&J Trucking's response filed March 1, petition for reconsideration allowed; opinion (172 Or App 446, 19 P3d 932) adhered to; Industrial Indemnity's motion to modify award of costs allowed April 25, 2001.

In the Matter of the Compensation of
Fred L. Dobbs, Claimant, Deceased.

SAIF CORPORATION
and Jerry & Jean Trucking, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

Patricia DOBBS,
successor in interest for Fred L. Dobbs, deceased,
*Respondent - Cross-Petitioner,*

*and*

SAIF CORPORATION/SHERMAN BROTHERS,
Liberty Northwest Insurance Corporation/
Sherman Brothers, and Industrial Indemnity/
Kwik Kafe of Oregon,
*Respondents.*

(97-09540, 97-09535, 97-07489,
97-02870; CA A104744)

23 P3d 987

Jenny Ogawa and Kevin L. Mannix, P.C., *contra*.

Thomas Cary for petition.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant has filed a petition for reconsideration of our decision in *SAIF v. Dobbs*, 172 Or App 446, 19 P3d 932 (2001). The Workers' Compensation Board had upheld the compensability denial of SAIF and Sherman Brothers (SAIF/Sherman) for claimant's current low back condition and assigned responsibility for claimant's condition to claimant's earlier employer, SAIF and Jerry & Jean Trucking, Inc. (SAIF/J&J). We affirmed that order. We allow reconsideration for the purpose of addressing claimant's concern that our decision "suggest[s] the logical impossibility" that a condition can be noncompensable as to one employer but compensable as to another. In claimant's view, a condition is either compensable as to all employers and responsibility should be assigned to one or the condition is not compensable and no employer is responsible. SAIF/J&J concurs in claimant's view that we have left the case in an odd posture by upholding SAIF/Sherman's denial while at the same time assigning responsibility for the claim to SAIF/J&J. Although we acknowledge that that disposition is atypical, in these circumstances it is correct.

As we held in our original opinion, substantial evidence supports the Board's finding that SAIF/Sherman originally accepted only a claim for a lumbar strain. In processing claimant's claim for lumbar strain, SAIF/Sherman determined that the compensable strain had combined with claimant's preexisting degenerative condition that had previously been accepted by SAIF/J&J and then determined that the accepted strain was no longer the major contributing cause of claimant's "combined condition." It therefore denied the compensability of claimant's current condition. The Board upheld the denial, determining that claimant had failed to show a compensable combination of the SAIF/Sherman strain and the preexisting condition. In fact, the Board found no evidence that claimant continued to suffer from a strain. Claimant asserts that the Board could not, on the one hand, uphold the compensability of the claim as to SAIF/J&J and on the other, uphold SAIF/Sherman's compensability denial. What makes SAIF/Sherman's concurrent denial of compensability possible, however, is the fact that the denial related only to

the "combined condition" of the lumbar strain and the preexisting degenerative condition. As the Board said:

> "SAIF/Sherman denied compensability of claimant's current low back condition on the basis that his *lumbar strain had ceased to be the major cause of the treatment and disability of the combined condition*." (Emphasis added.)

In light of its finding that claimant no longer suffered from a lumbar strain, the Board correctly upheld SAIF/Sherman's denial of a current condition consisting of a combination of the compensable strain and the preexisting condition. The Board further found that claimant's current condition was the same condition accepted by SAIF/J&J, the degeneration of the lumbar spine and spinal stenosis, that the SAIF/Sherman claim had involved a different condition, and that SAIF/J&J therefore remained responsible for claimant's condition under ORS 656.308(1). The Board's findings are supported by substantial evidence. We therefore adhere to our affirmance of the Board's order.

As a prevailing party on the petition, respondent Industrial Indemnity has filed a motion seeking payment of its costs by petitioner SAIF/J&J. We grant the motion.

Petition for reconsideration allowed; opinion adhered to. Industrial Indemnity's motion to modify award of costs allowed.