Argued and submitted August 24, reversed and remanded October 31, 2001

In the Matter of the Compensation of
Bonnie J. Woolner, Claimant.

COLUMBIA FOREST PRODUCTS,
*Petitioner,*

*v.*

Bonnie J. WOOLNER,
*Respondent.*

99-04302, 99-02707, 98-09381; A111862

34 P3d 1203

Karen O'Kasey argued the cause for petitioner. With her on the briefs were Jean Ohman Back and Schwabe, Williamson & Wyatt.

Mustafa T. Kasubhai argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

**BREWER, J.**

Employer seeks review of an order of the Workers' Compensation Board overturning employer's current condition denial. The primary question on review is whether an employer may issue a preclosure claim denial under ORS 656.262(7)(b)[1] for a "combined condition" if its earlier acceptance did not expressly identify the claim as one for a combined condition. We reverse and remand.

We state the facts as the Board found them, supplemented with undisputed evidence in the record. Claimant injured her neck and right shoulder at work on May 29, 1996. She had a preexisting condition, bilateral multidirectional instability, which combined with the work-related injury to require medical treatment. Dr. Fowler subsequently performed surgery on claimant's right shoulder, and employer's insurer accepted a claim for "multi-directional instability, right shoulder and cervical strain."[2] On March 31, 1998, Fowler indicated that claimant's shoulder condition was medically stationary. On November 25, employer issued a preclosure current condition denial that stated:

"The current medical information indicates that your right shoulder problems preexisted your 5/29/96 injury. The information indicates that your injury of 5/29/96 combined

---

[1] ORS 656.262 provides, in part:

"(7)(a) After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical conditions shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the insurer or self-insured employer receives written notice of such claims. New medical condition claims must clearly request formal written acceptance of the condition and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide, medical treatment for the new condition. The worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, so long as the acceptance tendered reasonably apprises the claimant and medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical condition claim at any time.

"(b) Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

[2] Claimant's cervical strain is not at issue in this case.

with the preexisting right shoulder problem and temporarily exacerbated the problem which has now been repaired through surgery and returned to your pre-injury status. Based on the medical information, we are denying the compensability of your current right shoulder condition as the injury of 5/29/96 no longer remains the major contributing cause of that condition and need for treatment."

On January 4, 1999, employer closed the claim. Claimant requested a hearing, challenging the denial. The administrative law judge (ALJ) affirmed the denial:

"[Employer] accepted a combined condition—multi-directional instability. * * * [T]he damage due to the injury has been repaired surgically—[claimant] now has less laxity than prior to the injury. The major cause of her need for treatment is no longer the injury. Dr. Fowler agrees, noting that the surgery may require future palliative care. Whether claimant's future need for treatment is related in major part to her surgical sequelae is a question for the future. At the time the denial issued, it was technically correct."

Claimant appealed to the Board. In an order dated September 5, 2000, the Board expressly adopted the ALJ's findings of fact, but it reached the opposite conclusion, stating that

"the employer expressly accepted 'multidirectional instability' of the right shoulder, but it did not accept a 'combined condition.' Because the employer did not accept a combined condition, it may not properly issue a 'preclosure' denial under ORS 656.262(6)(c) or ORS 656.262(7)(b). Accordingly, we reverse that portion of the ALJ's order that upheld the employer's denial."

In a footnote, the Board noted that,

"at the time the current condition denial was issued, there was neither ongoing treatment nor any request for further medical services related to claimant's right shoulder condition. Accordingly, we also conclude that the employer's November 1998 current condition denial was an improper prospective denial of claimant's right shoulder condition."

The Board also awarded claimant attorney fees of $2,000.

On review, employer assigns error first to the Board's determination that employer did not accept a combined condition. Employer contends that the uncontroverted evidence showed that claimant's multidirectional instability was, in fact, a preexisting condition, and that, after surgery, the workplace injury ceased to be the major contributing cause of claimant's need for treatment. Therefore, it argues, it accepted a combined condition, and its preclosure denial was proper under ORS 656.262(7)(b). Claimant responds that: (1) ORS 656.262(6)(b)(A)[3] requires an employer to "specify what conditions are compensable" in its notice of acceptance; (2) employer's notice of acceptance did not state explicitly that it accepted a combined condition; and (3) employer's denial based on a combined condition under ORS 656.262(7)(b) was therefore improper as a matter of law.

The undisputed medical evidence established that claimant suffered from a combined condition. However, after expressly adopting the ALJ's finding of fact that "a pre-existing condition * * * combined with injury to require medical treatment," the Board rejected the ALJ's conclusion that employer had accepted a combined condition. In a single sentence the Board explained that "the employer expressly accepted 'multidirectional instability' of the right shoulder, but it did not accept a 'combined condition.'" The Board cited no particular evidence in support of that determination.

The scope of an acceptance is a question of fact. *See, e.g., SAIF v. Dobbs*, 172 Or App 446, 451, 19 P3d 932, *adhered to as mod on recons* 173 Or App 599, 23 P3d 987 (2001); *Granner v. Fairview Center*, 147 Or App 406, 935 P2d 1252 (1997); *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992). Accordingly, we review the Board's determination that employer did not accept a combined condition for substantial evidence. ORS 183.482(8)(c). Employer cites *Blamires v. Clean Pak Systems, Inc.*, 171 Or App 263, 15 P3d

---

[3] ORS 656.262(6) provides, in part:

"(a) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim. * * *

"(b) The notice of acceptance shall:

"(A) Specify what conditions are compensable."

101 (2000), for the proposition that an acceptance of a combined condition is not required to include the specific words "combined condition." In *Blamires*, the employer issued, in the following order, (1) an acceptance that did not mention a combined condition; (2) a denial under ORS 656.262(7)(b) in reliance on the existence of a combined condition; and (3) an express acceptance of the combined condition. The Board upheld the denial on the basis of the employer's express acceptance of the combined condition. Citing *Croman Corp. v. Serrano*, 163 Or App 136, 986 P2d 1253 (1999), we reversed:

> "The rule of *Croman Corp.* is that, under the wording of ORS 656.262(6)(c), the acceptance of a combined condition must precede the denial of a combined condition. Here, the Board did not make *any* finding about whether the [initial] acceptance was the acceptance of a combined condition. Rather, it did not believe that it was required to do so." *Blamires*, 171 Or App at 267 (emphasis in original).

We remanded the issue to the Board to make a finding on that issue, despite the fact that the words "combined condition" did not appear in the initial acceptance. *Id.*

Employer argues that *Blamires* held, in effect, that no "magic words" are required to establish an acceptance of a combined condition. Claimant responds that *Blamires* is distinguishable, because in that case, the Board made *no determination* regarding whether employer had accepted a combined condition, whereas in this case, the Board expressly decided that employer had *not* accepted a combined condition. Claimant relies on *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), and *Tattoo v. Barrett Business Service*, 118 Or App 348, 847 P2d 872 (1993), for the proposition that employer is bound by the express language of its notice of acceptance, which, in this case, merely accepted "multidirectional instability, right shoulder and cervical strain."

In *Bauman*, the employer accepted a claim and paid benefits for three years. However, when the claimant attempted to reopen his claim for aggravation, the employer reversed its position and denied the original claim. The Supreme Court held the employer to its original acceptance:

"[The] employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability. * * *

"Accordingly, we agree with the Court of Appeals that it was not permissible for [the employer] to reconsider and deny the previously accepted claim and that the Board erred in allowing this belated denial." 295 Or at 794.

In *Tattoo*, the claimant sought payment for chiropractic care allegedly necessitated by an injury. The employer issued a denial, which stated that "[m]edical information received to date indicates that current chiropractic care is not reasonable and necessary, and does not result from the * * * injury * * *. Therefore, [we] must respectfully deny current chiropractic care." 118 Or App at 350. At a hearing on the claimant's claim, the employer's claims examiner testified that she meant the denial to cover past treatment and treatment into the future and that she did not believe it would be necessary to issue subsequent denials for future treatment. *Id.* at 351. On review, the claimant contended that the examiner's testimony showed that the denial of chiropractic care was impermissibly prospective. We disagreed, stating that "[w]e hold that employers are bound by the express language of their denials and the testimony of the claims examiner here is irrelevant." *Id.* at 351-52.

Both *Bauman* and *Tattoo* stand for the principle that an employer may not accept a condition and later assert a position that contradicts the express language of its acceptance. In this case, however, claimant does not contend that employer is asserting a position that *contradicts* the express terms of its acceptance. Claimant does not deny that her "multidirectional instability" preexisted her work-related cervical strain. Instead, claimant contends that employer failed to accept a combined condition because it did not embellish its acceptance with specific words. Thus *Bauman* and *Tattoo* do not control our decision here.

Claimant's argument reduces to the proposition that "magic words" are necessary to signify the acceptance of a combined condition. However, none of the cases on which claimant relies supports that view. In fact, in other workers'

compensation contexts, we have held that evidence need not consist of "magic words" in order to adequately support the Board's findings. *See SAIF v. Strubel,* 161 Or App 516, 521-22, 984 P2d 903 (1999) (holding that an expert's opinion need not be ignored because it fails to include the magic words "major contributing cause"); *Bank of Newport v. Wages,* 142 Or App 145, 150-51, 919 P2d 1189 (1996) (same); *Freightliner Corp. v. Arnold,* 142 Or App 98, 105, 919 P2d 1192 (1996) (same); *Moore v. Douglas County,* 92 Or App 255, 258, 757 P2d 1371 (1988) (same for "reasonable medical probability").

Claimant remonstrates that the context here is different, because a notice of acceptance should be strictly construed against the employer to enhance predictability and clarity in the administration of claims. At oral argument, she contended that

"[if employers can] make an issue of fact of what the scope of acceptance was, by not requiring a combined condition language in there, it opens up a whole other realm of ambiguity about what in fact is accepted and what in fact is not accepted. * * * [I]t would tend to lead to a great deal more litigation."

We disagree. The scope of an employer's acceptance has *always* been an issue of fact. *See, e.g., Dobbs,* 172 Or App at 451. There is no statute that prescribes a particular manner for acceptance of a combined condition. We have held that an employer accepts a combined condition "pursuant to" ORS 656.005(7)(a)(B).[4] *Birrer v. Principal Financial Group,* 172 Or App 654, 659, 19 P3d 972 (2001); *SAIF v. Belden,* 155 Or App 568, 572-73, 964 P2d 300 (1998), *rev den* 328 Or 330 (1999). However, that statute does not provide a procedure for accepting combined conditions but, rather, explains the substantive effect of the acceptance of such conditions.

---

[4] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

■ Nor do more general statutes governing the sufficiency of notices of acceptance support claimant's view. ORS 656.262(6)(a), upon which claimant relies, merely provides that a notice of acceptance shall "specify what conditions are compensable." That requirement does not mandate the use of any particular descriptive label making explicit that two or more conditions have combined. It is true that the acceptance in this case did not expressly inform claimant that the pre-existing condition—multidirectional instability—was not being accepted outright and that it was only compensable as part of a combined condition. *See Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 661, 993 P2d 174 (1999), *rev allowed* 332 Or 305 (2001) (holding that acceptance of a combined condition is not an outright acceptance of a preexisting condition that has combined with a work-related injury or condition). However, the notice *did* apprise claimant of the nature of the compensable conditions covered by the acceptance and, therefore, offended no legal requirement that has been brought to our attention.[5] Accordingly, we conclude that a notice of acceptance that fails to employ the specific words "combined condition" is not—for that reason alone—insufficient as a matter of law to constitute an acceptance of a combined condition for purposes of ORS 656.262(7)(b). *See Freightliner Corp. v. Christensen*, 163 Or App 191, 196, 986 P2d 1263 (1999) (hypothesizing that an acceptance of "back sprain/strain" could properly be viewed as acceptance of a combined condition in light of preexisting back conditions).[6]

■ In this case, the Board's failure to explain why employer did not accept a combined condition prevents us from ascertaining whether its decision was based on substantial evidence in the record or whether it was based on an

[5] ORS 656.262(7)(a) provides that "[an] employer is not required to accept each and every diagnosis or medical condition with particularity, so long as the acceptance tendered reasonably apprises the claimant and medical providers of the nature of the compensable conditions."

[6] Claimant does not argue, and we do not decide, whether "multidirectional instability" describes an accepted symptom, which would render all underlying causes compensable. *See Georgia-Pacific v. Piwowar*, 305 Or 494, 501, 753 P2d 948 (1988) (holding that by accepting the claimant's claim for a symptom, the employer had accepted the claim for all of its underlying causes). *See also Christensen*, 163 Or App at 197 ("Although, as a matter of fact, the preexisting conditions did combine to give rise to claimant's need for treatment, they are compensable in their own right as a matter of law under *Piwowar* and may not be denied.").

incorrect understanding of the applicable legal standard. Because the "Board did not 'provide a sufficient explanation to allow a reviewing court to examine the agency's action,'" *SAIF v. January*, 166 Or App 620, 626, 998 P2d 1286 (2000), we must remand the issue of the scope of employer's acceptance to the Board for reconsideration. *Blamires*, 171 Or App at 267.

■ Employer next assigns error to the Board's conclusion that employer's preclosure denial was improperly prospective because "there was neither ongoing treatment nor any request for further medical services related to claimant's right shoulder condition." An employer may not deny future benefits or disability on an accepted claim. *Evanite Fiber Corp. v. Striplin*, 99 Or App 353, 357, 781 P2d 1262 (1989). An employer may deny specific unpaid services or a current claimed need for treatment, even if there are no remaining unpaid medical bills. *Boise Cascade Corp. v. Hasslen*, 108 Or App 605, 608, 816 P2d 1181 (1991). Generally speaking, however, there must be a claim for medical treatment or disability for the employer to deny. *Altamirano v. Woodburn Nursery, Inc.*, 133 Or App 16, 19-20, 889 P2d 1305 (1995). "In the absence of a claim, there cannot be a denial that has any effect." *Id.* at 20. Employer does not contend that, at the time of its November 1998 denial, there was a claim for medical treatment or disability for it to deny. However, employer asserts that it nonetheless made a proper preclosure denial of a combined condition under ORS 656.262(7)(b).

■ The Board will determine on remand whether employer accepted a combined condition. If employer accepted a combined condition, ORS 656.262(7)(b) would apply. Therefore, employer would be *required* to issue a denial—regardless of whether a current request for treatment existed—before it could close the claim. ORS 656.262(7)(b) ("[E]mployer *must* issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition *before* the claim may be closed." (Emphasis added.)). Accordingly, contrary to the Board's apparent belief, its alternative ground for rejecting employer's denial is not independent from the first. Each hinges on the accuracy of its characterization of the scope of employer's acceptance of claimant's condition.

Claimant relies primarily on *Croman Corp.* for the proposition that the absence of a current claim for medical treatment or disability for the employer to deny renders an employer's denial of a combined condition improperly prospective. That reliance is misplaced. In *Croman Corp.*, the employer accepted a claim for a cervical strain suffered by the claimant at work. The employer later concluded that the claimant's need for ongoing medical treatment was not related to the accepted injury but was, in fact, the result of a preexisting psychological condition. The employer issued a preclosure denial stating that "the conditions [that the claimant] received from [his] fall * * * are completely resolved and [he is] no longer in need of medical treatment." 163 Or App at 138. The Board concluded that the denial amounted to an impermissible denial of future responsibility, and we affirmed:

> "[The] denial by its terms was an attempt to deny future medical treatment on an accepted claim on the ground that ongoing medical treatment was not related to the compensable injury. If [the] employer believed that the accepted conditions were resolved and that [the] claimant was no longer in need of medical treatment for those conditions as it stated in its denial, then it could have closed the claim." *Id.* at 141-42.

In *Croman Corp.*, we determined that the Board's finding that there was no evidence that the employer had ever accepted a combined condition was supported by substantial evidence. *Id.* at 141. Thus, we held that "the Board did not err in concluding that ORS 656.262(7)(b) did not apply to this case at the time of [the] employer's denial because there had not been an accepted combined condition." *Id.* In short, *Croman Corp.* will control this case only if the Board determines on remand that employer did not accept a combined condition.

Finally, employer assigns error to the Board's award of attorney fees to claimant pursuant to ORS 656.386(1). Because claimant has not yet finally prevailed, the award was erroneous.

Reversed and remanded.