Argued and submitted June 12, 2001, affirmed May 1, 2002

In the Matter of the Compensation of
Leslie D. Custer, Claimant.

## SAIF CORPORATION
and Tai's, Inc.,
*Petitioners,*

*v.*

Leslie D. CUSTER,
*Respondent.*

99-05296; A110775

45 P3d 508

Julene Marian Quinn argued the cause and filed the brief for petitioners.

Scott M. McNutt, Jr., argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

SAIF seeks review of an order of the Workers' Compensation Board that awarded scheduled permanent partial disability (PPD). We review for errors of law and substantial evidence, ORS 183.482(8), and affirm.

We summarize the facts from the Board's order and the record. Claimant began work as a waitress for employer in January 1997. In May 1998, while at work, she injured her left knee when she slipped on water and struck her knee against a wall. Claimant had previously injured the same knee in October 1987 and underwent two patellar surgeries in 1988. Claimant did not undergo any further treatment until after the compensable injury. Dr. Freudenberg performed arthroscopic surgery on claimant in August 1998 to repair a subluxing[1] patella with chondromalacia.[2] Both Freudenberg and an IME physician indicated that, although claimant's preexisting patellar subluxation with chondromalacia combined with the May 1998 injury, the May 1998 injury was the major cause of claimant's disability and need for treatment.

SAIF accepted the claim for "left knee contusion"; a February 1999 notice of closure did not award any PPD. Claimant asked SAIF also to accept chondromalacia and traumatic patellar subluxation. In an updated notice of acceptance, SAIF accepted "left knee contusion, chondromalacia, left knee and traumatic subluxation, left knee, related to the fall of May 8, 1998." An April 1999 notice of closure did not award any additional compensation.

Claimant requested reconsideration, and a medical arbiter was appointed. The arbiter concluded that claimant's preexisting conditions contributed to 70 percent of the current disability while the May 1998 injury contributed 30 percent. The order on reconsideration accordingly apportioned

---

[1] *Stedman's Medical Dictionary*, 1352-53 (23d ed 1976), defines "subluxation" as "[s]emiluxation; an incomplete luxation or dislocation; though a relationship is altered, contact between joint surfaces remains."

[2] "Chondromalacia" is defined as the "[s]oftening of any cartilage." *Stedman's* at 271.

claimant's permanent disability and awarded her three percent PPD.

In a hearing before an administrative law judge (ALJ), the ALJ found apportionment improper because, although claimant may have had preexisting conditions, "the insurer accepted the chondromalacia and traumatic patellar subluxation conditions without reservation and not as combined conditions with the May 1998 injury." The ALJ increased claimant's award to 11 percent PPD. The Board adopted and affirmed the ALJ's order.

■ On review, SAIF's first assignment of error is that the Board erred, as a matter of law, when it awarded permanent disability that was not due to the industrial injury. SAIF relies on ORS 656.214(2), which states that, "[w]hen permanent partial disability results from an injury, the criteria for the rating of disability shall be the permanent loss of use or function of the injured member due to the industrial injury." SAIF acknowledges that the Board would have apportioned the award of PPD if SAIF had not accepted the conditions without reservation. Rather, SAIF's contention is that it did not accept the preexisting conditions and that, by finding to the contrary, the Board failed to apply the correct law. SAIF confuses a question of fact with a question of law. The scope of SAIF's acceptance is a question of fact to be reviewed for substantial evidence. *SAIF v. Dobbs*, 172 Or App 446, 451, 19 P3d 932, *on recons* 173 Or App 599, 23 P3d 987 (2001).

We next turn to the issue of whether the Board's finding that SAIF accepted the conditions of chondromalacia and traumatic patellar subluxation without reservation is supported by substantial evidence. ORS 183.482(8)(c) provides that "[s]ubstantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." At oral argument, SAIF conceded that it did not accept a combined condition but argued that it had otherwise limited its acceptance with the phrase "related to the fall of May 8, 1998."[3] We disagree.

---

[3] SAIF's brief argues that substantial evidence does not support the Board's finding that SAIF accepted the conditions without reservation "and in a manner so as to accept anything but that which was *caused* by the industrial injury."

■       The Workers' Compensation Act is the "complete statement of the parties' rights and obligations, and they are *sui generis.*" *Haret v. SAIF,* 72 Or App 668, 674, 697 P2d 201, *rev den* 299 Or 313 (1985). The Act sets up a framework for acceptance and denial of claims. *See* ORS 656.262(6)(b)(A) (stating that the notice of acceptance shall specify what conditions are compensable); ORS 656.262(6)(a) (once a claim is accepted, an insurer shall not revoke acceptance unless for fraud or because of later obtained evidence). Once accepted, injuries are rated for PPD under ORS 656.214(5). There are also guidelines for accepting combined and consequential conditions. *See* ORS 656.005(7)(a)(A) (defining consequential condition); ORS 656.005(7)(a)(B) (defining combined condition). If there is a combined condition, the insurer has a statutory mechanism for acceptance and denial. *See* ORS 656.262(6)(c) (an insurer that has accepted a combined condition is not precluded from later denying that combined condition if the otherwise compensable injury is no longer the major contributing cause); ORS 656.262(7)(b) (the insurer "must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition"). Claimants, on the other hand, have a statutory mechanism for requesting acceptance of additional conditions. *See* ORS 656.267 (procedure for requesting acceptance of new or omitted medical conditions).

■       As we understand SAIF's argument, it wants the benefit of accepting a combined condition without having to follow the statutory requirements that accompany combined conditions. The Act is comprehensive and exhaustive in its structure. SAIF cites no authority for its position and thus we decline to adopt such a position. SAIF's updated notice of acceptance listed the specific additional conditions of "chondromalacia, left knee and traumatic subluxation, left knee related to the fall of May 8, 1998." For whatever reason, SAIF made a decision not to accept a combined condition. The Board's finding that SAIF had accepted the conditions of

---

(Emphasis added.) We emphasize this language (1) to note the difference from the phrase, *"related* to the fall," that was used in the acceptance at issue, and (2) because it demonstrates that insurers are readily able to avoid accepting preexisting conditions by using explicit statutory language such as "combined condition" and "consequential condition," rather than using such ambiguous phrases as "related to the fall."

chondromalacia and traumatic patellar subluxation is supported by substantial evidence.

SAIF also argues that the Board's finding lacks substantial reason because the Board failed to explain why SAIF's acceptance was not limited by the phrase "related to the fall of May 8, 1998." *See SAIF v. January*, 166 Or App 620, 626, 998 P2d 1286 (2000) (Board must provide a sufficient explanation to allow a reviewing court to examine the agency's action). The Board explained that SAIF had not accepted a combined condition and that "[t]here is no denial of a current condition nor is there an identification of a contributing cause to claimant's current disability other than the three accepted conditions." The Board's explanation was sufficient for us to review its finding that SAIF had accepted the conditions without reservation. We therefore affirm the Board's order awarding permanent disability.

Affirmed.