Argued and submitted October 5, 2006, affirmed May 2, 2007

In the Matter of the Compensation of
Deborah L. Hamelin, Claimant.

CITY OF GRANTS PASS,
*Petitioner,*

*v.*

Deborah L. HAMELIN,
*Respondent.*

Workers' Compensation Board
0405396; A129285

157 P3d 1206

David L. Johnstone argued the cause for petitioner. With him on the briefs was VavRosky MacColl Olson P. C.

James O. Marsh argued the cause for respondent. With him on the brief was Carney, Buckley, Hays & Marsh.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

ARMSTRONG, J.

**ARMSTRONG, J.**

Employer seeks judicial review of an order of the Workers' Compensation Board holding that it must pay compensation for conditions that it mistakenly accepted in an updated notice of acceptance issued at the time of claim closure. The facts are undisputed. We review the board's order for errors of law and affirm.

In 2003, employer was directed by an administrative law judge (ALJ) to accept claimant's "undefined" bilateral upper extremity condition, and thereafter, in April and November 2003, it accepted bilateral wrist tendinitis. In June 2004, employer denied claimant's request for acceptance of additional conditions:

> "At this point, our investigations suggests that you do not have the asserted conditions (thumb extensor tendinitis, DeQuervain's Disease, or myofascial pain syndrome of the upper extremities). We also cannot confirm, if you do, in fact have any or all of those conditions, that they are compensably related to your accepted claim of 7/1/01. For the foregoing reasons, we must respectfully deny the compensability of those conditions."

On July 6, 2004, employer issued an "Updated Notice of Acceptance at Closure," stating, "This letter is to notify you we have accepted your claim as disabling for the following condition(s): thumb extensor tendinitis, DeQuervain's disease, myofascial pain syndrome." The parties have stipulated that the July 6 notice was issued by mistake and represents a scrivener's error and not a "considered retraction" of the prior denial of the listed conditions. On July 22, 2004, employer issued a second "Updated Notice of Acceptance at Closure," notifying claimant that "we have accepted your claim as disabling for the following condition(s): bilateral wrist tendinitis." The July 22 notice stated that the July 6 notice "is withdrawn in its entirety and is replaced by this closure." The award stated in the July 6 notice was unchanged, however, and was limited to disability for the left and right wrists. Claimant requested reconsideration, contending that employer was bound by the July 6 notice of acceptance. Employer asserted that it may rescind its erroneous updated notice of acceptance. The board held that

employer was bound by its July 6, 2004, acceptance, determining, in essence, that an updated notice of acceptance is a full acceptance, subject to the same procedures and limitations applicable to all notices of acceptance, including the restrictions stated in ORS 656.262(6)(a) on revocation of acceptance.

The first question that we address is whether an updated notice of acceptance issued pursuant to ORS 656.262(7)(c) is an "acceptance" within the meaning of ORS 656.262(6)(a), subject to the limitations for revocation stated in that paragraph. ORS 656.262(6)(a) states the requirements for the issuance of a notice of acceptance of a claim and provides, in part:

> "Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Once the claim is accepted, the insurer or self-insured employer shall not revoke acceptance except as provided in this section. The insurer or self-insured employer may revoke acceptance and issue a denial at any time when the denial is for fraud, misrepresentation or other illegal activity by the worker. * * * If the insurer or self-insured employer accepts a claim in good faith, in a case not involving fraud, misrepresentation or other illegal activity by the worker, and later obtains evidence that the claim is not compensable or evidence that the insurer or self-insured employer is not responsible for the claim, the insurer or self-insured employer may revoke the claim acceptance and issue a formal notice of claim denial, if such revocation of acceptance and denial is issued no later than two years after the date of the initial acceptance."

When a claim has been accepted pursuant to ORS 656.262(6)(a), there are only two grounds on which it may be revoked: (1) fraud, misrepresentation, or other illegal activity by the worker; and (2) later-obtained evidence showing that the claim is not compensable or is not the responsibility of the accepting insurer. Employer concedes that this case does not present circumstances that authorize a revocation of acceptance under ORS 656.262(6)(a).

When a claim qualifies for claim closure, ORS 656.262(7)(c) states the requirement for the issuance of an updated notice of acceptance:

> "When an insurer or self-insured employer determines that the claim qualifies for claim closure, the insurer or self-insured employer shall issue at claim closure an updated notice of acceptance that specifies which conditions are compensable. The procedures specified in subsection (6)(d) of this section apply to this notice. Any objection to the updated notice or appeal of denied conditions shall not delay claim closure pursuant to ORS 656.268. If a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition."

Employer's July 6 and July 22 updated notices of acceptance were purportedly issued pursuant to that provision. In employer's view, notices issued pursuant to ORS 656.262(7)(c) are not *acceptances* of a claim under ORS 656.262(6)(a); rather, they are simply status reports concerning what conditions have been accepted at the time of closure. As such, employer contends, an updated notice of acceptance issued pursuant to ORS 656.262(7)(c) does not have the same effect or consequence and is not subject to the same limitations for revocation as a notice of acceptance issued pursuant to ORS 656.262(6)(a). Claimant contends that the board correctly concluded that an updated notice of acceptance under ORS 656.262(7)(c) is an acceptance, subject to the same procedures and limitations applicable to all notices of acceptance, including the restrictions stated in ORS 656.262(6)(a) on revocation of acceptance.

■■  We agree with claimant that an updated notice of acceptance is just that—a notice of acceptance. What distinguishes it from an initial acceptance of a claim is that it is issued at the time of claim closure rather than within the time frame described in ORS 656.262(6)(a). There is no textual or contextual reason to conclude that a "notice of acceptance" is a substantive acceptance in paragraph (6)(a) and an administrative update in paragraph (7)(c). We presume that "use of the same term throughout a statute indicates that the term has the same meaning throughout the statute." *PGE v. Bureau of Labor and Industries,* 317 Or 606, 611, 859 P2d

1143 (1993); *see also Racing Com. v. Multnomah Kennel Club*, 242 Or 572, 584, 411 P2d 63 (1966) ("[T]he presumption is that the word was used to express the same meaning in both sections.").

Employer notes that ORS 656.262(7)(c) cross-references ORS 656.262(6)(d), thereby incorporating the written notice requirements for objecting to a notice of acceptance. Employer contends that the absence of a cross-reference to ORS 656.262(6)(a) suggests that the legislature did not intend that provision to be applicable to updated notices of acceptance that are issued at claim closure, thereby excepting updated notices of acceptance from the restrictions on revocation of acceptance. We reject the contention. The lack of an explicit cross-reference to ORS 656.262(6)(a) does not negate the link between two subsections of the same statute that relate to the same subject matter. Further, the cross-reference to ORS 656.262(6)(d) and the applicability of provisions requiring written objections to a notice of acceptance support the conclusion that the updated notice of acceptance is an acceptance subject to the provisions of ORS 656.262(6)(a).

■ The scope of an employer's acceptance is a question of fact. *SAIF v. Dobbs*, 172 Or App 446, 451, 19 P3d 932, *on recons*, 173 Or App 599, 23 P3d 987 (2001); *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992). When, as here, there is a written acceptance of a condition, the conclusion as to what has been accepted is generally straightforward and will be based on an interpretation of the writing. As a general proposition, an employer may not accept a condition and later assert a position that contradicts the express language of its acceptance. *Columbia Forest Products v. Woolner*, 177 Or App 639, 645, 34 P3d 1203 (2001).

Employer contends, nonetheless, that there is a mechanism by which it may correct what the parties agree is an erroneous acceptance. OAR 436-060-0140(7) provides, in part:

> "When an insurer closes a claim, it must issue an 'Updated Notice of Acceptance at Closure' under OAR 436-030-0015. * * * Under ORS 656.262(6)(b)(F) the insurer must modify

acceptance from time to time as medical or other information changes. An insurer must issue a 'Modified Notice of Acceptance' (MNOA) when they:

"(a) Accept a new or omitted condition: on a nondisabling claim, while a disabling claim is open or after claim closure;

"(b) Accept an aggravation claim;

"(c) Change the disabling status of the claim; or

"(d) Amend a notice of acceptance, including correcting a clerical error.

"(8) *Notwithstanding OAR 436-060-0140(7)(d), to correct an omission or error in an 'Updated Notice of Acceptance at Closure' (UNOA), under OAR 436-030-0015(1)(e), the insurer must add the word 'Corrected' to the UNOA.*"

(Emphasis added.) In employer's view, OAR 436-060-0140 implicitly authorizes the correction of errors in an updated notice of acceptance, and that is what it attempted to accomplish in its July 22 updated notice of acceptance. The administrative rule on which employer relies cannot conflict with the statutes governing notices of acceptance. As noted above, those statutes establish only two grounds on which a claim accepted in a written notice of acceptance may be revoked, and correction of a clerical error is not one of the grounds. Hence, the rule does not authorize employer to revoke its acceptance of the disputed conditions by issuing a corrected updated notice of acceptance.

Affirmed.