Submitted on remand November 26, 2019, reversed and remanded
February 20, 2020

In the Matter of the Compensation of
Maurice McDermott, Claimant.

Maurice McDERMOTT,
*Petitioner,*

*v.*

SAIF CORPORATION
and Industrial Diesel Power,
*Respondents.*

Workers' Compensation Board
1403683; A160016

460 P3d 126

In its original opinion, the Court of Appeals affirmed an order of the Workers' Compensation Board (board) upholding SAIF's award reducing claimant's benefits for impairment by the percentage that medical arbiters attributed to a preexisting arthritis. Subsequently, the Supreme Court held in *Caren v. Providence Health System Oregon*, 365 Or 466, 446 P3d 67 (2019), that, unless the insurer has identified and denied a combined condition by the time of claim closure, a worker is entitled to benefits for the worker's total impairment, if the work injury is a material contributing cause of the worker's total impairment. The Supreme Court remanded this case to the Court of Appeals for reconsideration in light of *Caren*. *Held*: In light of *Caren*, the board erred in apportioning claimant's impairment, in the absence of SAIF's identification and denial of a combined condition involving preexisting arthritis before claim closure.

Reversed and remanded.

On remand from the Oregon Supreme Court, *McDermott v. SAIF*, 365 Or 657, 451 P3d 1014 (2019).

Joe Di Bartolomeo and Di Bartolomeo Law Office, P.C., filed the briefs for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Reversed and remanded.

**DeVORE, P. J.**

This case is on remand to us from the Supreme Court for reconsideration in light of the Supreme Court's opinion in *Caren v. Providence Health System Oregon*, 365 Or 466, 446 P3d 67 (2019). *Caren* involved a workers' compensation claim that the employer had accepted for "lumbar strain." At the time of claim closure, 50 percent of the claimant's impairment was determined to be due to preexisting arthritis. On reconsideration, medical arbiters opined that 70 percent of the claimant's impairment was due to the preexisting arthritis, and the claimant's permanent disability award was apportioned, or reduced, accordingly. The claimant had not requested acceptance of a combined condition and the employer had not accepted or denied a combined condition.

The Workers' Compensation Board upheld the apportionment, rejecting the claimant's contention that she was entitled to an award for her full impairment. On review, we affirmed the board's order without written opinion, upholding an apportionment of benefits to reduce the claimant's benefits for impairment by the impairment attributable to the preexisting condition, and citing our opinion in *McDermott v. SAIF*, 286 Or App 406, 420, 398 P3d 904 (2017), *rev'd*, 365 Or 657, 451 P3d 1014 (2019).

In *McDermott*, we had held that a worker's benefits for impairment at the time of claim closure could be apportioned, or reduced, by the percentage of impairment "due to" the worker's legally cognizable preexisting condition, *unless* the preexisting condition had been claimed by the worker, accepted by the employer as part of a combined condition, and remained compensable at the time of closure. *Id*.

The Supreme Court allowed review in *Caren* and overruled our analysis in *McDermott*. Under the Supreme Court's analysis in *Caren*, the general rule is that, at claim closure, a worker is entitled to benefits for the worker's total impairment, if the work injury is a material contributing cause of the worker's total impairment. 365 Or at 487. That total impairment may include impairment due to preexisting conditions that are not otherwise compensable. As long as the work injury is a material contributing cause

of the worker's total impairment, the total impairment is compensable.

However, there is an exception to that general rule when a work injury has combined with a qualifying, legally cognizable preexisting condition to cause impairment, and the combined condition is not (or is no longer) compensable. Under that exception, benefits for impairment can be reduced by the impairment caused by the combined condition *only* if the employer has identified the combined condition and denied it before claim closure. *Id.* It is not the claimant's burden to first seek acceptance of a combined condition.[1]

Here, the board upheld an apportionment (or reduction) of claimant's benefits for impairment due to a preexisting condition, even though employer has not denied a combined condition involving that preexisting condition. Under *Caren*, that was not appropriate. We therefore reverse and remand this case to the board for reconsideration in light of *Caren*.

Reversed and remanded.

---

[1] We note that the Supreme Court's opinion implicitly overrules our opinion in *Croman Corp. v. Serrano*, 163 Or App 136, 140, 986 P2d 1253 (1999), in which we held that the preclosure denial of a combined condition claim applies only to an *accepted* combined condition claim.