Argued and submitted August 25, 2010, affirmed August 17, 2011

In the Matter of the Compensation of
David S. Lund, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

David S. LUND,
*Respondent.*

Workers' Compensation Board
0801725; A142480

261 P3d 1265

H. Scott Plouse argued the cause and filed the briefs for petitioner.

Jon C. Correll argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Employer seeks review of an order of the Workers' Compensation Board that concluded, in part, that employer had previously accepted claimant's shoulder condition as a combined condition. Employer makes three assignments of error: first, that the board erred in holding that employer accepted a combined condition; second, that the board's conclusion that employer accepted a combined condition is not supported by substantial evidence; and third, that the board's conclusion that employer accepted a combined condition is *dicta*.[1] We affirm.

We state the facts, which are not in dispute, as the board found them. On August 12, 2003, claimant suffered a compensable injury to his right shoulder. Employer accepted a nondisabling right shoulder strain. On January 6, 2005, claimant requested that employer expand the scope of its acceptance to include a right shoulder rotator cuff tear. Employer denied claimant's request.

Claimant requested a hearing and argued that he incurred a right shoulder rotator cuff tear as a direct result of his compensable injury. Employer contended that claimant's right shoulder rotator cuff tear was the result of a preexisting degenerative condition, not claimant's August 12, 2003, injury or claimant's work activities over the course of employment. The administrative law judge (ALJ) set aside employer's denial. The ALJ concluded that "claimant's preexisting osteoarthritis in his right shoulder contributed to his right shoulder rotator cuff tear. This is a combined condition claim." The ALJ went on to conclude that claimant had established an "otherwise compensable injury" under ORS 656.266(2) with respect to his right shoulder rotator cuff tear. The board issued an order adopting and affirming the ALJ's order. Neither party sought review and that order became final. ORS 656.295(8).

In November 2006, claimant had surgery for a right rotator cuff tear and a distal clavicle exision. After a closing

---

[1] None of employer's assignments of error challenges the compensability of claimant's condition.

exam, claimant's surgeon concluded that claimant was medically stationary and recommended claim closure. Accordingly, employer issued an updated notice of acceptance at closure, accepting a disabling right shoulder strain and right shoulder rotator cuff tear. Employer also issued a notice of closure, awarding claimant time loss benefits and 12 percent unscheduled permanent partial disability (PPD).

Claimant requested reconsideration, arguing, among other things, that the notice of closure incorrectly apportioned his impairment findings. The appellate review unit entered an order on reconsideration that, while modifying other components of claimant's compensation, affirmed the 12 percent unscheduled PPD. Claimant requested a hearing.

Before the ALJ, claimant argued that the apportionment of the range of motion value was improper under OAR 436-035-0014(1)(c),[2] because employer had accepted a combined condition and had not issued a major contributing cause denial for the preexisting condition. In affirming the order on reconsideration, the ALJ reasoned that, as a matter of law, employer had accepted a combined condition, because the board's prior order concluded that claimant had a combined condition and that order had become final. Because employer had not issued a major contributing cause denial, the ALJ also determined that claimant was entitled to have impairment rated for his total combined condition. Nonetheless, the ALJ concluded that the medical arbiter's opinion required that claimant's range of motion findings should be apportioned. Additionally, the ALJ concluded that claimant was not entitled to a greater award of unscheduled PPD because of social vocational factors, reasoning that claimant had returned to his job at the time of injury.

Claimant requested board review. Employer argued that it had not accepted a combined condition because it had

---

[2] OAR 436-035-0014(1)(c) provides:

"Where a worker's compensable condition combines with a pre-existing condition, under ORS 656.005(7), the current disability resulting from the total accepted combined condition is rated under these rules as long as the compensable condition remains the major contributing cause of the accepted combined condition (*e.g.*, a major contributing cause denial has not been issued under ORS 656.262(7)(b)). Apportionment of disability is not appropriate."

not been expressly ordered to accept a combined condition. Instead, employer argued that it had accepted only a right shoulder rotator cuff tear; therefore, claimant was not entitled to have impairment rated for his total combined condition, *i.e.*, his rotator cuff tear *and* his preexisting osteoarthritis. The board agreed with the ALJ that employer had accepted a combined condition and that claimant was entitled to have impairment values for those findings of impairment caused by his entire combined condition. However, the board nonetheless determined that claimant was not entitled to impairment values for findings of impairment due to unaccepted conditions that had not been included within the "combined condition" acceptance. The board modified the award by reducing claimant's impairment and awarding claimant social vocational factors, ultimately increasing claimant's unscheduled PPD award. Employer petitioned for judicial review.

We begin with employer's first two assignments of error, which are congruent. Employer explains that it does not dispute the award of PPD to claimant. However, employer argues that the board incorrectly concluded that, as a matter of law, employer had accepted a combined condition. Claimant responds that employer's petition for judicial review is not justiciable because it raises concerns about hypothetical future events rather than presenting a current claim or controversy. Additionally, claimant argues that the board correctly determined that employer had accepted a combined condition.

We begin with the issue of justiciability. A justiciable controversy exists when the interests of the parties to the action are adverse and the court's decision in the matter will have some practical effect on the rights of the parties to the controversy. *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993). Here, employer contends that it has not accepted a combined condition; rather, it has accepted two compensable conditions: claimant's right shoulder strain and right shoulder rotator cuff tear. Employer argues that this case is justiciable, because its responsibilities with respect to managing claimant's claims differ depending on a proper characterization of the claim.

We agree with employer that this case is justiciable. The rules for processing the claim depend on its characterization. *Compare* ORS 656.268(1)(a) (authorizing claim closure when "[t]he worker has become medically stationary and there is sufficient information to determine permanent disability), *with* ORS 656.268(1)(b) (authorizing claim closure when "[t]he accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005(7)").[3] *See also* ORS 656.262(7)(b) ("Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."). Which conditions employer accepted and whether the conditions are accepted as a combined condition affects employer's obligations in processing the claim, including future medical benefits. Thus, the proper characterization of the claim has a practical effect on employer's rights in this case. This case is justiciable. Accordingly, we next consider whether the board correctly determined that employer accepted a combined condition.

As we explained above, employer and claimant previously disputed whether claimant's right rotator cuff tear was a compensable injury. Employer argued that the injury was caused by a preexisting condition, and claimant argued that the injury was caused by his accepted right shoulder strain, plus the effects over time of his work activities. The ALJ in that proceeding concluded that claimant had a combined condition:

> "Based on a preponderance of evidence in the medical record, I am persuaded that claimant's preexisting osteoarthritis in his right shoulder contributed to his right shoulder rotator cuff tear. *This is a combined condition claim.*"

---

[3] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

(Emphasis added.) The ALJ then ordered employer "to add claimant's new or omitted medical condition, a right shoulder rotator cuff tear, to claimant's accepted claim and further process claimant's claim according to law." In affirming the ALJ's order, the board stated, "We agree with the ALJ's determination that this claim involves an otherwise compensable injury combining with a preexisting condition." Employer did not seek judicial review of that order and it became final as a matter of law. ORS 656.295(8).

To be sure, employer does not expressly challenge the finality of the board's order. Rather, employer argues that, because the board ordered employer to accept a right rotator cuff tear, it did not order employer to accept a combined condition. In that light, we understand employer to contend that the board mischaracterized the scope of its acceptance. We disagree.

In *Columbia Forest Products v. Woolner*, 177 Or App 639, 642-43, 34 P3d 1203 (2001), the employer assigned error to the board's determination that the employer had not accepted a combined condition when it denied " 'the compensability of [the worker's] current right shoulder condition, as the [prior compensable] injury no longer remains the major contributing cause of that condition and need for treatment.' " That characterization of the employer's acceptance was crucial, because it allowed the board to conclude that the employer could not issue a preclosure denial. *Id.* at 642. We reversed, explaining that

> "[t]he scope of an employer's acceptance has *always* been an issue of fact. * * * There is no statute that prescribes a particular manner for acceptance of a combined condition. We have held that an employer accepts a combined condition 'pursuant to' ORS 656.005(7)(a)(B). * * * However, that statute does not provide a procedure for accepting combined conditions but, rather, explains the substantive effect of the acceptance of such conditions."

*Id.* at 646 (citations and footnote omitted; emphasis in original). Thus, in determining whether a notice of acceptance constitutes an acceptance of a combined condition, we do not mechanically read the notice for "the specific words 'combined condition' "; rather, we consider whether the notice

apprises the claimant of the nature of the compensable conditions covered by the acceptance. *Id.* at 647.

Here, the board correctly concluded that employer accepted a combined condition. In the prior case, the ALJ reasoned that "[t]he medical opinion in this case overwhelmingly favors a determination that claimant suffered from degenerative joint disease in his right shoulder prior to his industrial injury," and that employer had not satisfied its burden of proving that the otherwise compensable injury was not the major contributing cause of the need for treatment; therefore, the ALJ ordered employer to accept claimant's right rotator cuff tear. The board adopted and affirmed the ALJ's order. In light of that prior litigation, employer's acceptance of claimant's right shoulder strain and right shoulder rotator cuff tear is properly understood as its acceptance of a combined condition. Employer's argument that it did not expressly accept a combined condition is not persuasive, because there is no such required formality to accepting a combined condition. *See Columbia Forest Products,* 177 Or App at 646 ("There is no statute that prescribes a particular manner for acceptance of a combined condition.").

The board did not err in concluding that employer accepted a combined condition.[4]

Affirmed.

---

[4] We reject without discussion employer's third assignment of error that the board erred in concluding that employer accepted a combined condition because that conclusion was *dicta.*