Argued and submitted January 12, reversed and remanded April 20, 2016

In the Matter of the Compensation of
Rodney Erickson, Claimant.
KEYSTONE RV COMPANY-
THOR INDUSTRIES, INC.,
*Petitioner,*

*v.*

Rodney R. ERICKSON,
*Respondent.*

Workers' Compensation Board
1205867; A157092

373 P3d 1122

Rebecca A. Watkins argued the cause for petitioner. With her on the briefs was Sather, Byerly & Holloway, LLP.

R. Adian Martin argued the cause for respondent. With him on the brief was Ransom, Gilbertson, Martin & Ratliff, LLP.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DEVORE, J.

## DEVORE, J.

Employer seeks review of an order of the Workers' Compensation Board determining that claimant has a compensable "combined condition," as defined in ORS 656.005(7)(a)(B). Employer contends that the board erred in its interpretation of the medical evidence that employer offered to meet its burden under ORS 656.266(2) to show that claimant's combined condition is not compensable. We review the board's order for substantial evidence and for errors of law, ORS 183.482(8)(a), (c), and to determine whether the board's analysis comports with substantial reason. *SAIF v. Ramos*, 252 Or App 361, 363, 287 P3d 1220 (2012). We agree with employer that the board erroneously interpreted one of two medical opinions on which employer relied. Because that medical opinion, as correctly interpreted, could meet employer's burden of proof as described in ORS 656.266(2), we conclude that the board's order is not supported by substantial reason. We therefore reverse and remand the board's order for reconsideration.

Claimant injured his lower back at work and filed a workers' compensation claim that employer accepted as a lumbar strain. Claimant's physicians subsequently determined that claimant has spondylolisthesis (a misalignment of the vertebrae) at the L5-S1 level, which had been previously diagnosed and which constitutes a "preexisting condition" under ORS 656.005(24).[1] There is medical evidence in the record that claimant's compensable work injury contributed to the spondylolisthesis becoming symptomatic. But that medical opinion also concludes that claimant's lumbar strain has resolved and that claimant's continued symptoms relate only to the spondylolisthesis.

Claimant had surgery to address the spondylolisthesis. Claimant's attorney asked employer to amend its

---

[1] As relevant here, a "preexisting condition" is defined in ORS 656.005(24)(a) as

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment, provided that:

"(A) Except for claims in which a preexisting condition is arthritis or an arthritic condition, the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition regardless of diagnosis[.]"

acceptance to include a combined condition of "lumbar strain combined with L5-S1 spondylolisthesis." Employer denied the compensability of the combined condition, and claimant requested a hearing.

As a general rule, an injury is compensable under ORS 656.005(7) if it arises out of and in the course of the employment and if the work is a material contributing cause of the injury. *Coleman v. SAIF*, 203 Or App 442, 446, 125 P3d 845 (2005). When, however, an injury "combines" with a preexisting condition, the "combined condition" is compensable "only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition." ORS 656.005(7)(a)(B).[2]

Ordinarily, it is the claimant's burden to prove the compensability of a claim. ORS 656.266(1) ("The burden of proving that an injury * * * is compensable * * * is upon the worker."). When, however, as here, it is asserted (by either the employer or the claimant) that the disability or need for treatment arises from a combined condition, ORS 656.266(2) provides an exception:

"[F]or the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

"(a)  Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

To reiterate, when a claimant initiates a claim for a combined condition, the claimant bears the initial burden to establish that an "otherwise compensable condition" has

___

[2] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

combined with a preexisting condition "to cause or prolong disability or a need for treatment." ORS 656.005(7)(a)(B).[3] If the claimant meets that burden, and the employer disputes the compensability of the combined condition, it is the employer's burden under ORS 656.266(2) to establish that the "otherwise compensable injury" is not the major contributing cause of the claimant's disability or need for treatment of the combined condition. *Washington County v. Jansen*, 248 Or App 335, 344, 273 P3d 278 (2012) (holding that, by enacting ORS 656.266(2), the legislature shifted to employers the burden to prove that a claimant's "otherwise compensable injury" is not, or is no longer the major contributing cause of the claimant's combined condition).

On claimant's request for hearing, an administrative law judge upheld employer's denial of claimant's combined condition claim, determining that, although claimant had established the existence of a combined condition caused *in material part* by the compensable lumbar strain, ORS 656.005(7)(a), the combined condition was not compensable, because employer had established that the "otherwise compensable" lumbar strain was not the *major contributing cause* of the disability or need for treatment of the combined condition.

On claimant's appeal, the board reversed, concluding that the medical evidence on which employer relied was not legally sufficient to meet employer's burden of proof under ORS 656.266(2)(a), because the evidence only addressed the cause of the spondylolisthesis and did not address the cause of the combined condition. On judicial review, employer contends that the board erred in its interpretation of the medical evidence, which employer contends is legally sufficient to meet its burden to show that claimant's lumbar strain is not the major contributing cause of the disability or need for treatment of the combined condition.

---

[3] When it is the *employer* that asserts that a claim is for a combined condition, the employer bears the burden to prove that the claimant suffers from a preexisting condition and that the condition for which compensation is sought is a combined condition. *SAIF v. Kollias*, 233 Or App 499, 505, 227 P3d 188 (2010) (applying ORS 656.266(2) in context of assertion by employer that benefits sought are for a "combined condition"); *Coleman*, 203 Or App at 447 (same).

Because the case turns on the board's analysis, we examine the board's order in greater detail. As an initial matter, the board determined that claimant had an "otherwise compensable injury" (the lumbar strain) and that claimant had met his burden to show the existence of a combined condition, *i.e.*, that claimant's lumbar strain had "combined" with claimant's preexisting spondylolisthesis, and that the lumbar strain was a material contributing cause of the need for treatment of the combined condition.

Employer relied on two medical opinions in support of its burden to prove that the lumbar strain was not the major contributing cause of the disability or need for treatment of the combined condition. First, in a concurrence letter from employer's claims administrator, Dr. Williams agreed with the following statement:

> "[Claimant] had a muscular strain with the work injury. This made the existing spondylolysthesis symptomatic but did not pathologically worsen the spondylolysthesis. The muscle strain resolved within three months. When I examined [claimant] * * * he had no muscle spasm, signaling the lack of a muscular strain. His pain at that point arose from his spondylolysthesis. *The injury was never the major cause (51%) of the spondylolysthesis condition.*"

(Emphasis added.) As the board explained its understanding of the italicized sentence, Williams only rejected a causal relationship between the compensable lumbar strain and the spondylolysthesis, and did not address the relationship of the injury to the combined condition. Thus, the board concluded, the opinion did not address employer's burden under ORS 656.266(2). Employer contends that, when understood in context, the italicized statement supports its view that the lumbar strain was never the major contributing cause of the combined condition. We have reviewed the record and conclude that, although employer's interpretation of Williams's statement is plausible when understood in the context of all of the record, the board's interpretation is also reasonable. *See SAIF v. Strubel*, 161 Or App 516, 522, 984 P2d 903 (1999) (given the context of the doctor's opinion and the record as a whole, it was reasonable for the board to interpret the doctor's use of the word "symptoms" to mean the claimant's current need for treatment); *SAIF v.*

*Pepperling*, 237 Or App 79, 84-85, 238 P3d 1013 (2010) ("In reviewing the board's evaluation of [an expert's] opinion we do not substitute our judgment for that of the board; rather, we determine whether the board's evaluation of that evidence was *reasonable*." (Citation omitted; emphasis added.)). Thus, we conclude that the board did not err in concluding that Williams's report does not support employer's burden under ORS 656.266(2).

Second, employer relied on the written opinion of Dr. Bergquist, in response to the following question from employer's attorney:

> "[Claimant's treating physician] has suggested that the injury combined with the preexisting L5-S1 spondylolisthesis to become symptomatic, but could not indicate if it worsened the spondylolisthesis or was the major cause of the need for treatment.
>
> "* * * * *
>
> "In your opinion was the injury ever the major contributing cause of the spondylolisthesis condition, disability or need for treatment of that condition?"

Bergquist responded:

> "While the accepted injury may have contributed to the L5-S1 spondylolisthesis becoming symptomatic, it is the spondylolisthesis that is the main cause of the disability and/or need for treatment. The injury was never the major contributing cause of the disability or need for treatment."

As with Williams' opinion, the board explained that it rejected Bergquist's opinion because Bergquist, like Williams, only addressed the injury's relationship to the spondylolisthesis and did not specifically refer to the combined condition. In employer's view, when Bergquist's opinion is read in its context, the board's interpretation is not a reasonable one.

This time, we agree with employer. It was never disputed that claimant's spondylolisthesis is a preexisting condition, and that it was asymptomatic before claimant's injury. The medical opinions are in agreement that claimant's "combined condition" consists of the lumbar spine injury acting upon the previously asymptomatic spondylolisthesis, causing it to become symptomatic. The paragraph

introducing employer's counsel's question to Bergquist, although not artfully drafted, sought Bergquist's opinion as to whether the compensable lumbar strain ever was the major contributing cause of the disability or need for treatment of the combined condition for which compensation was sought. Although counsel's question did not refer explicitly to the combined condition, that is implicit in the context of the report as a whole.[4] Bergquist's response that "[the] injury was never the major contributing cause of the disability or need for treatment" necessarily addressed the injury's relationship to the symptoms for which claimant sought compensation and was evidence that supported employer's burden under ORS 656.266(2) to show that "the otherwise compensable injury is not, or is no longer, the major contributing cause of" the disability or need for treatment of the combined condition.

In light of the context of the medical record and the issues in dispute, we conclude that the board's understanding—that Bergquist's opinion did not address the relationship of the lumbar strain to the claimed combined condition—was not reasonable. Because the board's order relies on a misinterpretation of Bergquist's opinion, we conclude that the order is not supported by substantial reason. We therefore reverse and remand the board's order for reconsideration. *Armenta v. PCC Structural, Inc.*, 253 Or App 682, 692, 292 P3d 573 (2012) (reversing and remanding board order unreasonably interpreting medical opinion).

Reversed and remanded.

---

[4] For example, in response to an earlier question, Bergquist had opined that the event on the date of the injury could not be considered "a material contributing cause of the combined condition."