ARMSTRONG, P. J.
*234 In this workers' compensation case, claimant seeks review of an order of the Workers' Compensation Board on reconsideration upholding a notice of closure that awarded claimant temporary disability benefits but no benefits for permanent impairment or work disability. We conclude that the board's order is supported by substantial evidence and that the board did not err as a matter of law in upholding the notice of closure. ORS 656.298 ; ORS 183.482(7), (8).
We summarize the board's findings, which are largely undisputed and are supported by substantial evidence. Claimant has a lengthy pre-employment history of low back problems, including diagnoses of degenerative disc disease, disc herniations and protrusions at L4-5 and L5-S1, pain radiating into his legs, and surgery at L4-5.
Claimant installs satellite dishes for employer and, on February 27, 2011, while adjusting his position to support a satellite dish, claimant twisted his back and felt pain. He filed a claim, in which he described the injury as "low back strain." Employer denied the claim for the reason that the "primary contributing cause" of claimant's need for treatment or disability was his preexisting back *254 condition, asserting, essentially, a "combined condition defense."
We summarize briefly the relevant legal context for the issue raised on review. Ordinarily, it is the claimant's burden to prove the compensability of a claim. ORS 656.266(1) ("The burden of proving that an injury * * * is compensable * * * is upon the worker."). When a "combined condition" is asserted, either by the claimant or by the employer, special burdens of proof apply in determining the initial compensability of the claim. If the claimant seeks to establish the compensability of a claim as a combined condition in the first instance, then it is the claimant's burden to establish the existence of an "otherwise compensable condition" that has combined with a preexisting condition "to cause or prolong disability or a need for treatment." ORS 656.005(7)(a)(B). If the claimant meets that initial burden and the employer disputes the compensability of the combined condition, then the employer must establish that the "otherwise compensable condition" is not the major contributing cause of the *235 claimant's disability or need for treatment. McDermott v. SAIF , 286 Or. App. 406, 419, 398 P.3d 964 (2017) ; Keystone RV Co.-Thor Industries, Inc. v. Erickson , 277 Or. App. 631, 373 P.3d 1122 (2016). If the "combined condition" is raised by the employer as a defense to the claim, then the claimant bears the initial burden to establish an "otherwise compensable injury" by proof that a work injury is a material contributing cause of the worker's disability or need for treatment, ORS 656.005(7)(a), and the employer bears the burden to prove that a combined condition exists and that the "otherwise compensable condition" is not the major contributing cause of the claimant's disability or need for treatment. ORS 656.266(2)(a).[1]
Claimant requested a hearing on employer's denial of the claim for "low back strain," and the parties agreed that the claim involved a "combined condition." For that reason, the ALJ did not make a determination as to the existence of a combined condition, the nature of the combined condition, or which of claimant's several preexisting conditions had combined with the work injury. The ALJ found that claimant had established an "otherwise compensable injury" (i.e. , that claimant's work injury was a material contributing cause of his need for treatment or disability), ORS 656.005(7)(a), and that employer had failed to establish that claimant's preexisting condition was the major contributing cause of claimant's need for treatment and disability. ORS 656.266(2). The ALJ therefore determined that claimant had established the compensability of his claim for low back strain.
Employer appealed the ALJ's order. In its order of October 10, 2012, the board noted that the parties did not challenge the ALJ's finding that claimant had a "combined condition." The board agreed with the ALJ's findings *236 that claimant had established an "otherwise compensable injury" and that employer had failed to show that claimant's preexisting back condition was the major contributing cause of claimant's need for treatment, and set aside the denial. Thus, the board affirmed the ALJ's order overturning the denial. Thereafter, on December 21, 2012, employer accepted an injury claim for "lumbar strain." Claimant did not challenge the notice of acceptance or seek acceptance of a "combined condition" as an omitted condition. See ORS 656.262(6)(d) ; ORS 656.267(1).
In March 2013, Dr. Ward, claimant's treating physician, determined that claimant's lumbar strain had resolved without permanent impairment or work restriction. Ward determined that claimant was medically stationary and could continue to work at his regular job and receive medical treatment as needed. In an updated notice of claim acceptance at closure, employer again identified the accepted condition as "lumbar strain."
*255 Once again, claimant did not challenge the notice of acceptance or seek acceptance of a "combined condition" as an omitted condition. See ORS 656.262(6)(d) ; ORS 656.267(1). Employer closed the claim in June 2013 with an award of temporary disability benefits but no benefits for permanent disability.
Claimant requested reconsideration of the notice of closure and an updated opinion from Ward. In response to claimant's counsel's representation to Ward that the accepted condition as a result of the board's October 10, 2012, order was "lumbar strain combined with instability of L4-5," Ward opined that the accepted condition was medically stationary, as were claimant's "preexisting low back pathologies, including L4-5 instability," without physical permanent impairment or work restrictions. A medical arbiter panel performed an examination and observed a range of motion deficit that the panel concluded was attributable to claimant's underlying degenerative disc disease and the residual effects of claimant's non-work-related lumbar surgery. The panel determined that 90 percent of claimant's impairment was due to degenerative disc disease, ten percent was attributable to the residual effects of the lumbar surgery, and zero percent was attributable to the accepted lumbar strain.
*237 Before the board, claimant contended that he should receive benefits for permanent disability associated with the identified loss of range of motion. Citing Forest Products v. Lund , 245 Or. App. 65, 261 P.3d 1265 (2011), claimant asserted that the October 10, 2012, board order was preclusive as to the compensability of a combined condition and that employer was therefore required and must be deemed to have accepted a combined condition. Claimant further argued that because, before claim closure, employer had not denied claimant's combined condition (which claimant now asserted was a lumbar strain combined with degenerative disc disease, disc protrusions at L4-5 and L5-6, prior discectomy at L4-5, and residual instability arising out of the surgical procedures), claimant was entitled to an unapportioned permanent impairment value for the loss of range of motion identified by the medical arbiter panel, as well as work disability.
The board rejected claimant's contention that Lund was controlling and precluded employer from limiting its acceptance to a strain. In Lund , the board concluded that a previous final order of the board had determined that the new/omitted medical condition claim for a right shoulder rotator cuff tearwas compensable as a combined condition with the claimant's preexisting osteoarthritis. Despite that, the insurance carrier had subsequently accepted only a right shoulder strain and rotator cuff tear, not a combined condition, and the notice of closure had apportioned the claimant's impairment findings accordingly. The claimant appealed, asserting that he was entitled to a permanent disability award for a combined condition. The board and we agreed, holding that, in light of the prior litigation, the carrier's acceptance was "properly understood" as acceptance of a combined condition. Id . at 72, 261 P.3d 1265.
Here, in contrast, the board interpreted its October 10, 2012, order differently. The board explained that the order had related only to the initial compensability of the claim for "low back strain," and did not constitute a determination that claimant has a compensable combined condition. Rather, the order merely rejected employer's defense that claimant's symptoms and need for treatment were caused in major part by his preexisting conditions. The board reasoned that, *238 although the October 10, 2012, order had accepted the parties' agreement that claimant suffered from a combined condition, unlike in Lund , the order did not determine the compensability of a particular combined condition or the scope of the acceptance. The board stated that the October 10, 2012, order "did not specifically identify the components of the 'combined condition' or order acceptance of a specific condition, combined or otherwise." That, the board reasoned, was a claims-processing matter to be addressed by employer pursuant to ORS 656.262. Unlike in Lund , the scope of the preexisting condition had not been defined. The board concluded that the only issue that was actually litigated through the October 10, 2012, order was the compensability of claimant's initial injury *256 claim. Thus, the board concluded, Lund was distinguishable. Citing Nelson v. Emerald People's Utility Dist. , 318 Or. 99, 104, 862 P.2d 1293 (1993) (issue preclusion requires that the issue was actually litigated and essential to a final decision on the merits), the board concluded that the October 10, 2012, order did not have the preclusive effect of determining the scope of the acceptance or the compensability of a combined condition.
The board further determined, as a factual matter, that employer's acceptance of "lumbar strain," which had not been challenged by claimant, did not constitute an acceptance of a combined condition. See Columbia Forest Products v. Woolner , 177 Or. App. 639, 643, 34 P.3d 1203 (2001) (scope of an acceptance is a question of fact). But, assuming that a combined condition (which the board characterized as low back strain and instability at L4-5) had been accepted, the board noted that the medical arbiter had attributed zero impairment to that condition. Thus, for that additional reason, the board upheld the notice of closure.
On claimant's request, the board reconsidered but adhered to its order, noting that, if claimant had objected to the failure to specifically accept a combined condition, he could have sought (and can still seek) acceptance of a combined condition as a new or omitted condition. See ORS 656.262(6)(d) ; ORS 656.267(1).
On judicial review, claimant contends that requiring the filing of a new or omitted medical condition claim *239 would force him to relitigate what has previously been determined-the compensability of a combined condition claim-and he continues to pursue entitlement to permanent disability and work disability on his claim, based on the medical finding that he has a loss of range of motion. He asserts that employer, having been required by the ALJ's order of October 10, 2012, to accept a combined condition, and having failed subsequently to deny that condition, may not apportion for loss of range of motion due to the preexisting condition. He further argues that, in light of Lund , he would not have known that it would have been necessary for him to specifically request acceptance of a combined condition as an omitted condition under ORS 656.262(6)(d).
We have considered claimant's arguments and reject them for the same reasons expressed by the board. As the board noted, the scope of an acceptance is a question of fact. Employer's acceptance of "lumbar strain" was unambiguous and did not state that it was for a combined condition, and we conclude that the board's finding that the acceptance did not encompass a combined condition is supported by substantial evidence. As noted, claimant did not seek clarification or acceptance of an omitted condition. See ORS 656.262(6)(d) ; ORS 656.267(1).
The board also was correct that the October 10, 2012, order did not compel employer to accept a combined condition. The board could reasonably interpret its October 10, 2012, order as merely a rejection of employer's "combined condition defense,"-a determination that employer had failed to establish that the symptoms and need for treatment of an "otherwise compensable injury" were caused in major part by claimant's preexisting condition. In light of the board's finding that the work injury was the "major contributing cause" of claimant's low back strain, the board's acceptance of the parties' agreement that claimant had a combined condition was not necessary to the board's ultimate determination that claimant's low back strain was compensable and that the denial should be set aside. And, unlike in Lund , the board could reasonably conclude that the October 10, 2012, order did not actually determine the scope of the acceptance or the nature of the combined condition; nor did it require *240 acceptance of a particular combined condition. Thus, we conclude that the board did not err in determining that its order did not preclusively determine the compensability of a particular combined condition or even that a combined condition was compensable. See Nelson , 318 Or. at 104, 862 P.2d 1293 ("issue preclusion" applies to an issue that was actually litigated and essential to a final decision on the merits).
Finally, even assuming that employer's acceptance were understood to encompass a combined condition, the board identified *257 that condition as a combining of the lumbar strain and instability at L4-5, just as claimant had asserted before the Appellate Review Unit, and we conclude that that determination is supported by substantial evidence. The medical arbiter panel attributed zero permanent impairment to that condition. That is substantial evidence on which the board could rely to uphold the notice of closure.
Affirmed.

ORS 656.266(2) provides that
"for the purpose of combined condition injury claims under ORS 656.005 (7)(a)(B) only:
"(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the combined condition or the major contributing cause of the need for treatment of the combined condition."