No. 517 June 10, 2026 415

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Don L. Beamon,
Claimant.

Don L. BEAMON,
*Petitioner,*

*v.*

SAIF CORPORATION
and MMNW Holding Co - Metro Metals Northwest,
*Respondents.*

Workers' Compensation Board
2203993;
A182876

Argued and submitted January 6, 2026.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the opening brief were Law Offices of Jodie Anne Phillips Polich, P.C.; Bailey Oswald and Bottini, Bottini, & Oswald, PC. Also on the reply brief was Law Offices of Jodie Anne Phillips Polich, P.C.

Daniel Walker argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded.

Tookey, P. J., dissenting.

**KAMINS, J.**

At issue in this petition for judicial review of an order from the Workers' Compensation Board (board) is which party bears the burden of proof to demonstrate whether a compensable condition is the major contributing cause of the need for treatment of a combined condition under ORS 656.266(2)(a). Claimant had an on-the-job injury of a disc herniation, which was accepted as compensable. He later sought treatment for a combined claim of both the disc herniation and his preexisting lumbar spondylosis, which SAIF, and then the board, denied. Claimant raises two assignments of error: (1) the board erroneously interpreted claimant's initial burden of proof under ORS 656.266(2)(a); and (2) the board's order is not based on substantial evidence because, after failing to properly shift the burden to SAIF after claimant proved the existence of a combined condition, the board did not require SAIF to produce evidence that the accepted condition was not the major contributing cause of the need for treatment of the combined condition. We reverse and remand.

The facts are not in dispute. While squatting at work, clamant injured his lower back, developing leg pain and weakness. Claimant was eventually diagnosed with a disc herniation in his lumbar spine as well as lumbar radiculopathy and foraminal stenosis (disc herniation), a condition SAIF accepted as being caused by his work. Despite exhausting conservative non-surgical approaches, claimant continued to experience pain and weakness in his left leg. He then sought the acceptance of a claim for a "combined condition" of his already accepted disc herniation with a preexisting arthritic condition of lumbar spondylosis. SAIF denied the request, and claimant appealed to the board.

The board evaluated the record and upheld SAIF's denial. Relying in large part on the report and testimony of Dr. Button, the board acknowledged that the spondylosis was a preexisting condition that combined with the accepted condition of disc herniation to contribute to the disability or need for treatment of that herniation. The board reasoned that Dr. Button's opinion supported the conclusion that "the disc herniation itself was a compensable

combined condition, \* \* \* not that the work event [disc herniation] was a material contributing cause of claimant's disability or need for treatment of the spondylosis condition." In the board's view, that opinion did not suggest that the work accident was a material contributing cause of claimant's disability or need for treatment of spondylosis. Thus, the board reasoned "claimant has not carried his initial burden to show that the work accident [disc herniation] was a material contributing cause of his disability or need for treatment of the lumbar spondylosis condition." This petition for judicial review followed.

We review the board's legal conclusions for errors of law, ORS 183.482(8)(a); *Curry Educational Service Dist. v. Bengtson*, 175 Or App 252, 254, 27 P3d 526 (2001), and its factual findings for substantial evidence, ORS 183.482(8)(c); *Greenbriar Ag Management v. Lemus*, 156 Or App 499, 505, 965 P2d 493 (1998), *rev den*, 328 Or 594 (1999).

Here, claimant sought to establish the compensability of a "combined condition," arguing that the accepted disc herniation combined with the preexisting arthritic condition of spondylosis. A "combined condition" is a condition that occurs "[i]f an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment." *Pedro v. SAIF*, 313 Or App 34, 39, 495 P3d 183 (2021) (citing ORS 656.005(7)(a) (B)). The "otherwise compensable injury" refers to a medical condition, not a work event or accident. *Id*. (citing *Brown v. SAIF*, 361 Or 241, 272, 391 P3d 773 (2017)). Once the worker establishes a combined condition, "the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or \* \* \* the need for treatment[.]" ORS 656.266(2)(a). The shifting of the burden to the employer is an "exception" to the "ordinary" course where the claimant bears the burden to prove the compensability of a claim. *Keystone RV Co.-Thor Industries, Inc. v. Erickson*, 277 Or App 631, 633, 373 P3d 1122 (2016)

Here, claimant established the "compensable injury"—*i.e.*, medical condition—of a disc herniation. Claimant then sought coverage for the combined condition

of that accepted herniation with his preexisting spondylosis. Resolving that request requires a two-step determination: the board must determine (1) whether claimant established a combined condition, and, if so, (2) whether the employer met its burden to establish that the accepted condition is *not* the major contributing cause of the need for treatment or disability of the combined condition. ORS 656.005(7)(a)(B) ("[T]he combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition.").

At the first step, claimant met his burden to establish a combined condition. As described above, claimant was required to demonstrate that the accepted disc herniation combined with the preexisting spondylosis to cause the need for treatment. ORS 656.005(7)(a)(B). In the record before the board, Dr. Button opined that "the spondylosis was a portion of the reason that his disc herniated and led to his need for treatment." Indeed, as the board determined, that "opinion supports the conclusion that the spondylosis was a preexisting condition that combined with the work event [disc herniation] to contribute to claimant's disability or need for treatment of the disc herniation." That is sufficient to meet claimant's burden to establish a combined condition.[1]

---

[1] The dissent asserts that claimant sought compensability only for the spondylosis "component" of the combined condition and faults our analysis because it does not require claimant to demonstrate the need for treatment "*of the spondylosis*." 350 Or App at 423 (emphasis in original) (Tookey, P. J., dissenting). In the dissent's view, a "claimant's initial burden in a combined condition claim is to establish that an 'otherwise compensable condition' combined with a preexisting condition 'to cause or prolong disability or a need for treatment' *of the claimed combined condition.*" *Id.* (slip op at 2) (emphasis in original) (quoting ORS 656.005(7)(a)(B) (citing *Keystone RV Co.-Thor Industries, Inc. v. Erickson*, 277 Or App 631, 373 P3d 1122 (2016); *Giffin v. Dish Network Services*, 296 Or App 233, 437 P3d 252 (2019)), and here, claimant only provided evidence of a need for treatment of disc herniation and not spondylosis. But nowhere in the statute, or the cases cited by the dissent, does that emphasized language appear. Claimant does not need to prove causation separately as to each component of the combined condition once he has already proven that the otherwise separate conditions combined to cause a need for treatment. Ultimately, the dissent's analysis suffers from the same flaw as the board's, in that it requires a claimant to prove *more* than the fact that a work injury combined with a preexisting condition to cause a disability or need for treatment.

The board, however, did not proceed to step two. Rather, it determined that, despite demonstrating that a compensable injury combined with a preexisting condition to cause the need for treatment, claimant nevertheless failed to meet his burden. That is so, according to the board, because Dr. Button's opinion "supports the conclusion that the disc herniation itself was a compensable combined condition" separate and apart from the spondylosis. As such, the board required claimant to show, as part of his initial burden to establish a combined condition, that the spondylosis was separately, materially caused by the disc herniation. Because the disc herniation did not cause the need for treatment of the "disputed lumbar spondylosis condition," the board denied the compensability of the claim.

The board's reasoning veered off course in two respects. First, the herniation itself could not have been a "compensable combined condition;" rather, a combined condition is "two *separate* conditions that combine." *Carrillo v. SAIF*, 310 Or App 8, 11, 484 P3d 398, *rev den*, 368 Or 560 (2021) (emphasis in original). Second, the board appears to have conflated steps (1) and (2) of the combined condition analysis. Once it determined that claimant had established a combined condition, the board's next task was to determine whether the *employer* met its burden to show that the accepted condition was not the major contributing cause of the need for treatment. Rather than do that, the board determined that claimant failed to prove that the accepted portion of the condition was the material cause of the need for treatment.

SAIF concedes that the board determined that "claimant did not meet his initial burden under ORS 656.005(7)(a)(B) to prove the existence of a combined condition because the work accident was not a material contributing cause of claimant's disability or need for treatment [of spondylosis]." According to SAIF, that analysis is correct because it is claimant's burden to demonstrate that the spondylosis qualifies as "the 'otherwise compensable injury' component of the combined condition." That analysis misses the mark; the disc herniation is the otherwise compensable injury, *not* the spondylosis. Under ORS 656.005(7)(a)(B),

the two components of a combined condition are "an otherwise compensable injury" and "a preexisting condition." The spondylosis is the preexisting condition, and claimant is not required to demonstrate that that preexisting condition of spondylosis itself is compensable on its own. As noted, claimant needs only to establish that the herniation (a compensable injury) combined with the spondylosis (a preexisting condition) to cause the disability or need for treatment. Under the board's own findings, claimant did that. Now the burden shifts to the employer to demonstrate that the herniation is not the "major contributing cause of the need for the treatment." SAIF's remaining arguments support the conclusion that the disc herniation is, in fact, not the major contributing cause of the need for treatment, a point that it will be free to make—and support—to meet its burden on remand.

We cannot be sure, on this record, that the board's shifting of the burden of proof would not have made a difference in the outcome. We therefore reverse and remand for the board to apply the correct burden of proof.

Reversed and remanded.

**TOOKEY, P. J.,** dissenting.

As the majority correctly points out, there is medical evidence that claimant's preexisting spondylosis combined with his work injury to cause a need for treatment of the *accepted herniated disc condition*. But the majority incorrectly concludes that that evidence was sufficient to meet claimant's initial burden to establish the existence of a combined condition for treatment of the preexisting spondylosis. That conclusion is the result of a misconception of claimant's statutory burden to establish a combined condition.

As I describe below, under a proper application of claimant's statutory burden, the board correctly held that claimant had not established a combined condition. I therefore dissent.

A combined condition arises when "an otherwise compensable injury" combines with a preexisting condition "to cause or prolong disability or a need for treatment." ORS

656.005(7)(a)(B).[1] Thus, a cognizable combined condition is one that causes or prolongs disability or a need for treatment. Generally, the claimant bears the burden to prove the compensability of an injury or disease. ORS 656.266(1).[2] That means, as the parties agree, that a claimant seeking compensation for disability or treatment of a combined condition has the initial burden to establish the existence of the combined condition *for which benefits are sought*.

Here, claimant seeks compensation for treatment of his preexisting spondylosis as a component of a combined condition. As the parties agree, claimant, as the party seeking compensation for a combined condition, had the burden to establish the existence of the claimed combined condition. The majority concludes that claimant met that burden through Dr. Button's opinion that claimant's preexisting spondylosis had combined with the mechanism of claimant's work injury to cause or prolong disability or a need for treatment of the herniated disc. That *was* evidence of a combined condition, but it was not evidence of the combined condition for which claimant seeks compensation.

A claimant's initial burden in a combined condition claim is to establish that an "otherwise compensable condition" combined with a preexisting condition "to cause or prolong disability or a need for treatment" *of the claimed combined condition*. ORS 656.005(7)(a)(B); *Keystone RV Co.- Thor Industries, Inc. v. Erickson*, 277 Or App 631, 373 P3d 1122 (2016); *Giffin v. Dish Network Services*, 296 Or App 233, 437 P3d 252 (2019). Here, the claimed combined condition for which claimant seeks benefits is the preexisting spondylosis.

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

[2] ORS 656.266(1) provides:

"The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker."

Thus, to establish a cognizable combined condition, claimant's burden was to show that the compensable disc injury (the otherwise compensable injury) combined with the preexisting spondylosis to cause or prolong disability or the need for treatment *of the spondylosis*. Although Button's opinion was evidence that the preexisting spondylosis combined with the work injury to cause or prolong disability or the need for treatment *of the herniated disc*, there is no evidence of the converse—that the herniated disc combined with the preexisting spondylosis to cause a need for treatment *of the spondylosis*.

The board thus correctly held that Button's opinion was not sufficient to meet claimant's burden to establish a combined condition. For that reason, I would reject claimant's contention that the board misapplied the burden of proof and would affirm.