EGAN, C.J.
*2 Claimant seeks review of an order of the Workers' Compensation Board holding that benefits for impairment for her compensable hand injury should not include that portion of claimant's impairment attributable to a denied claim for injuries to the left shoulder. We conclude that the board did not err and affirm.
Claimant compensably injured her left hand when it got caught in a closing elevator door. SAIF accepted a claim for disabling contusions and an abrasion. After initial treatment of the hand, claimant sought treatment for pain in her left forearm, left shoulder, and upper back, which she attributed to pulling her hand back suddenly when it got caught in the elevator door. An MRI revealed a partial tear of the left shoulder supraspinatus tendon.
Claimant's attending physician determined that claimant's hand injury had resolved and that she was medically stationary without permanent impairment. SAIF closed the claim with no award for permanent disability.
Claimant continued to receive treatment related to pain in her left shoulder, arm, neck, and upper back, and sought benefits for those conditions. SAIF modified its notice of acceptance to include sprains of the left shoulder and the left trapezius muscle. But it denied a claim for a left rotator cuff tear, left upper arm and elbow sprain, left forearm sprain, and cervical disc disorder, explaining that the conditions were not compensably related to the work injury. Claimant requested a hearing on the denied claim.
While the request for hearing was pending, claimant requested reconsideration of the notice of closure on the hand claim, and a medical arbiter performed an examination. In evaluating claimant's impairment from the accepted hand claim only, the medical arbiter identified limited range of motion attributable to the hand injury. He also identified a loss of grip strength, which he attributed partially (50 percent) to the hand injury and partially (50 percent) to the shoulder conditions. The Appellate Review Unit (ARU) issued an order on reconsideration awarding claimant benefits for seven percent whole person impairment for *3 impairment to the left hand.[1] The impairment value for loss of *29 grip strength was apportioned to the hand claim at 50 percent.
Claimant requested a hearing on the order on reconsideration, contending that there should be no apportionment for loss of grip strength, because the loss of grip strength was caused in material part (50 percent) by the compensable hand injury and was therefore compensable. Claimant asserted further that, in Schleiss v. SAIF , 354 Or. 637, 655, 317 P.3d 244 (2013), the Supreme Court has held that there can be no reduction in benefits for impairment attributable to a noncompensable condition under OAR 436-035-0013, except for impairment attributable to a "legally cognizable preexisting condition," when a claim for a combined condition involving the preexisting condition has been accepted and then denied. In the alternative, claimant argued that, under Schleiss , claimant's denied shoulder conditions were not "legally cognizable preexisting conditions" for which apportionment was permitted under Schleiss .
An administrative law judge agreed with claimant, but the board reversed. The board distinguished Schleiss , reasoning that, when, as here, a claim has been denied outright, there can be no benefits paid for impairment attributable to the denied claim, because no compensation is owed on a denied claim. In its order on reconsideration, the board added as a rationale that a denied claim is a type of "legally cognizable condition" to which apportionment applies under Schleiss.
On judicial review, claimant challenges the board's determination. She continues to assert that her entire impairment from the loss of grip strength, which she asserts was *4 caused in material part by the compensable hand injury, is compensable and must be rated. She further asserts that Schleiss precludes apportionment, because the denied shoulder condition is not a "legally cognizable condition" for which apportionment is appropriate.
Our recent opinion in McDermott v. SAIF , 286 Or. App. 406, 398 P.3d 964 (2017), resolves most of the issues raised by claimant. In McDermott , the question was whether, at the time of claim closure, the insurer was entitled to apportion-i.e. , to reduce-the claimant's award for impairment attributable to an unclaimed combined condition. Id . at 408, 398 P.3d 964. Because the text of ORS 656.214(1) shows that the legislature contemplated apportionment of impairment by providing for permanent impairment "resulting from the compensable industrial injury" and defining "impairment" as the loss of use or function of a body part "due to the compensable industrial injury," we concluded that the statutes did not reflect an intention to limit apportionment to the circumstances described in ORS 656.268 (1)(b), which relates to the closure of combined condition claims that have been accepted and then denied. Id . at 416, 398 P.3d 964. Rather, ORS 656.268(1)(b) describes one circumstance in which apportionment is appropriate. Further, the administrative rules of the Department of Consumer and Business Services requiring apportionment of impairment in contexts other than an accepted and then denied combined condition claim, see OAR 436-035-0007 ; OAR 436-035-0013(2) ; OAR 436-035-0014, are not inconsistent with ORS 656.268(1)(b). 286 Or. App. at 422, 398 P.3d 964. We further concluded that the court in Schleiss had not invalidated the department's administrative rule permitting apportionment, OAR 436-035-0013(2), but had limited apportionment for preexisting conditions to the types of conditions that would be "legally cognizable" as preexisting conditions in a combined condition claim. Id .
McDermott requires us to reject most of claimant's contentions here regarding the construction of the pertinent statutes and the effect of Schleiss . Claimant's remaining contention is that Schleiss precludes apportionment here because claimant's denied shoulder conditions are not "legally cognizable preexisting conditions." Although *5 we agree with claimant that the denied shoulder conditions are not legally cognizable preexisting conditions, see ORS 656.005(24) (defining "preexisting condition"), there is another basic reason why we conclude that claimant is not entitled to benefits for the impairment related to those conditions:[2] There is no compensation due for a denied condition.
ORS 656.262(2) states:
*30 "The compensation due under this chapter shall be paid periodically, *** except where the right to compensation is denied by the insurer or self-insured employer."
See also ORS 656.268(15) ("Conditions that are direct medical sequelae to the original accepted condition shall be included in rating permanent disability of the claim unless they have been specifically denied ." (Emphasis added.) ); OAR 436-035-0007(1) ("[A] worker is entitled to a value *** only for those findings of impairment that are permanent and were caused by the accepted compensable condition and direct medical sequela."). Schleiss addressed a different context-the apportionment of impairment attributable to a preexisting condition that has not been claimed or denied. 354 Or. at 649, 317 P.3d 244. The case did not involve impairment attributable to a denied condition. The Supreme Court, therefore, had no occasion to address whether a claimant is entitled to benefits for impairment due to a denied condition. There is no right to compensation for a denied condition, and a denied condition is not rated for impairment. Thus, we conclude that, if a portion of a worker's impairment, such as claimant's loss of grip strength here, is attributable to a denied condition, then that impairment must be apportioned out of the award.
Claimant correctly points out that, in determining the compensability of an injury under ORS 656.005(7)(a), the material contributing cause standard applies in determining whether the injury arises "out of and in the course *6 of employment." Schleiss , 354 Or. at 643-44, 317 P.3d 244 (citing Olson v. State Ind. Acc. Com. , 222 Or. 407, 414, 352 P.2d 1096 (1960) ). In Mize v. Comcast Corp-AT & T Broadband , 208 Or. App. 563, 145 P.3d 315 (2006), we said that "in material part," as used in ORS 656.245, "refers to a fact of 'consequence' regarding the need for medical services." Id . at 569-70, 145 P.3d 315. Further, we said that,
"[u]nderstood in that way, any contribution by a work-related injury to a claimant's current condition could be a 'material' factor in the need of medical services without regard to the amount of its contribution so long as the injury is a fact of consequence regarding the claimant's condition."
Id . (Emphasis in original; footnote omitted.) As the Supreme Court said in Schleiss , under the definition of impairment stated in ORS 656.214, the phrase "due to" describes "the necessary causal relationship between the compensable injury and the loss of use or function of a body part or system." Id . at 643, 317 P.3d 244. Claimant contends that the same material contributing cause standard as is applied under ORS 656.005 (7)(a) should apply in determining whether impairment should be compensated in determining a worker's permanent partial disability award. Thus, in claimant's view, claimant's entire impairment is compensable, because claimant's work injury is a material factor in his total impairment.[3] We reject that contention in the context of impairment that is partially attributable to a denied condition. As discussed in McDermott , an award of permanent disability is to be determined under ORS 656.214 based on a loss of use "due to" the compensable injury, or "resulting from" the compensable injury. When a portion of a worker's impairment is caused by a condition that has been denied, then that portion of impairment is not "due to" or did not "result from" the compensable injury, even if the work injury is a material cause of the worker's total impairment.
*7 Contrary to claimant's contention, ORS 656.268 (1)(b) supports, rather than forecloses, our conclusion. In the context of the *31 closure of a combined condition claim, that statute requires that, when the combined condition has been denied, the insurer is to make a calculation of permanent disability "due to the current accepted condition." That provision is understood to require apportionment. McDermott , 286 Or. App. at 426-30, 398 P.3d 964 (Flynn, J., dissenting). ORS 656.268(1)(b) is consistent with our view that, when a condition has been denied, the worker is not entitled to benefits for impairment caused by the denied condition.[4]
We conclude for the reasons discussed that the board did not err in upholding SAIF's apportionment of impairment from claimant's loss of grip strength between her compensable hand injury and the denied shoulder conditions.
Affirmed.

We note that the subsequently accepted claims for shoulder and left trapezius muscle sprain were not before the ARU. Impairment attributable to those conditions would be determined in a subsequent closure related to those conditions. See Yi v. City of Portland , 288 Or. App. 135, 138, 404 P.3d 1098 (2017). ORS 656.262(7)(c) provides:
"When an insurer or self-insured employer determines that the claim qualifies for claim closure, the insurer or self-insured employer shall issue at claim closure an updated notice of acceptance that specifies which conditions are compensable. *** Any objection to the update notice or appeal of denied conditions shall not delay claim closure pursuant to ORS 656.268. If a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition."

We note that we understand claimant's argument to relate only to the impairment resulting from the denied portion of the shoulder condition. The accepted portion of the shoulder condition (the shoulder and the left trapezius muscle sprain ) was not before the ARU and had not been rated; thus, the rating of impairment for that condition was not before the ARU. See Yi , 288 Or. App. at 138, 404 P.3d 1098.

In Schleiss , the claimant posed this same construction of the statute. 354 Or. at 643, 317 P.3d 244. SAIF contended that "due to" the compensable injury "refers to the percentage of the worker's total impairment that was caused by the compensable injury, so that the percentage of the total impairment 'due to' any other contributing cause must be excluded from an award." Id . The court in Schleiss determined that both proposed meanings were plausible, but it did not need to resolve the question in that case. Id .

In view of our disposition, we do not address the board's alternative rationale that a denied claim is a type of "legally cognizable condition" to which apportionment applies under the Supreme Court's opinion in Schleiss.