Argued and submitted August 20, reversed and remanded October 7, 2020,
petition for review allowed February 18, 2021 (367 Or 559)
See later issue Oregon Reports

In the Matter of the Compensation of
Theresa M. Robinette, Claimant.

Theresa M. ROBINETTE,
*Petitioner,*

*v.*

SAIF CORPORATION
and HCW Clients - Oregon Homecare Commission,
*Respondents.*

Workers' Compensation Board
1801420; A170673

475 P3d 470

Claimant seeks judicial review of an order of the Workers' Compensation Board upholding SAIF's apportionment of impairment benefits for claimant's compensable knee injury for loss of range of motion and stability, both of which the medical arbiter determined are caused entirely by preexisting conditions that have not been accepted or denied, either separately or as part of a combined condition. *Held*: Under *Caren v. Providence Health System Oregon*, 365 Or 466, 446 P3d 67 (2019), the board erred in failing to award benefits for impairment attributable to claimant's preexisting conditions, because the compensable work injury is a material contributing cause of claimant's impairment "as a whole," and employer has not availed itself of the statutory process for reducing claimant's permanent partial disability award by denying a combined condition as provided in ORS 656.268(1)(b).

Reversed and remanded.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the brief was Law Offices of Jodie Anne Phillips Polich, P.C.

Allison B. Lesh argued the cause for respondents. On the brief was Daniel Walker.

Before DeVore, Presiding Judge, and Egan, Chief Judge, and DeHoog, Judge.

EGAN, C. J.

Reversed and remanded.

**EGAN, C. J.**

This case presents yet another opportunity to address issues around compensation for impairment in light of the Supreme Court's opinion in *Caren v. Providence Health System Oregon*, 365 Or 466, 446 P3d 67 (2019). The question presented is whether, when the medical record shows that a particular type of new impairment is caused entirely by a preexisting condition that has not been claimed or has not combined with the compensable injury, the claimant must nonetheless be paid compensation for that impairment, as long as the claimant's new impairment as a whole is caused in material part by the work-related injury. We conclude that, under the Supreme Court's opinion in *Caren*, unless the employer has issued a preclosure denial of the condition giving rise to the particular new impairment, the employer must pay for the "the full measure" of the claimant's impairment. Here, the board allowed SAIF to reduce claimant's benefits by the impairment attributable to the preexisting condition, although SAIF had not issued a preclosure denial of that condition. We therefore reverse and remand the board's order.

In *Caren*, the claim involved a preexisting condition that had combined with a work injury to cause increased loss of lumbar range of motion. The question was whether the employer was entitled to apportion benefits for new range-of-motion impairment caused in part by the compensable injury and in part by a preexisting condition that had not been accepted as compensable and that was "cognizable," *i.e.*, that could be treated as a preexisting condition. *See* ORS 656.005(24)(a) (to qualify as a preexisting condition, a condition must have been treated or diagnosed before the compensable injury, "[e]xcept for claims in which a preexisting condition is arthritis or an arthritic condition"). The disputed loss of lumbar range-of-motion impairment was caused in material part by the compensable injury and in part by a cognizable preexisting condition that had not been denied and was, thus, the result of a combined condition. The employer sought to reduce the claimant's impairment benefits by the new impairment attributable to the cognizable preexisting condition, which had not been claimed

by the worker or denied by the employer either as a separate condition or as part of a combined condition. The court attempted to reconcile an apparent tension between "overlapping statutes," ORS 656.214(1)(a), (c)(A) (providing that "[p]ermanent impairment resulting from the compensable industrial injury" is "the loss of use or function of a body part or system due to the compensable industrial injury"); ORS 656.005(7)(a)(B) (setting forth major contributing cause standard of proof when a compensable injury combines with a qualifying "preexisting condition" to "cause or prolong" the injured worker's disability); and ORS 656.268(1)(b) (setting forth procedure for the denial of combined conditions). The court held in *Caren* that, when a worker's impairment is due to a combining of the compensable injury and a preexisting condition, "the legislature intended that injured workers would be fully compensated for new impairment if it is due in material part to the compensable injury, except where an employer has made use of the statutory process for reducing liability after issuing a combined condition denial." 365 Or at 468. The court reasoned that a claimant must have preclosure notice of an employer's intention to deny a contribution to new impairment by a worker's preexisting condition and determined that, before benefits for new impairment may be reduced by the portion of impairment caused by a preexisting condition, the employer must issue a combined condition denial. *Id.* at 473. If there is no combined condition denial, as long as the work injury is a material contributing cause of a worker's "impairment as a whole," benefits must be paid for "the full measure of impairment." *Id.* at 487.

Today, we have decided *Johnson v. SAIF*, 307 Or App 1, 475 P3d 465 (2020), which was on remand from the Supreme Court after *Caren*. In *Johnson*, the claimant had a compensable hand injury. The disputed new impairment was a loss of hand-grip strength, which the medical evidence showed was caused in material part by the compensable hand injury. But a portion of the claimant's grip-strength impairment was also due to a noncognizable preexisting condition—hence, the impairment was due to a combined condition. The question in *Johnson*, as in *Caren*, was whether benefits for the new impairment could be apportioned. As in *Caren*, there had been no denial of a combined condition. We

therefore held in *Johnson* that, as in *Caren*, the worker must be compensated for "the full measure" of impairment.

Here, claimant has received an award of a five percent whole person impairment based on an award of five percent impairment for the surgery and five percent impairment for a chronic condition. A medical arbiter also identified specific impairment findings in claimant's knee for loss of range of motion and stability, both of which the medical arbiter determined are caused entirely by preexisting conditions that have not been accepted or denied, either separately or as part of a combined condition. The preexisting conditions were not identified until the claim was closed, and the record does not show whether they are legally cognizable. There is no medical evidence of a combined condition. The board declined to award impairment values for the loss of range of motion and stability, reasoning that no impairment award could be given for impairment "entirely due to causes that are not related to the compensable injury."

Claimant contends on judicial review that, under *Caren*, the board erred in failing to award benefits for the impairment attributable to preexisting conditions, because the compensable work injury is a material contributing cause of claimant's impairment "as a whole," which includes the impairment value for the surgery and the value for the chronic condition, and employer has not availed itself of the statutory process for reducing claimant's permanent partial disability award by denying a combined condition as provided in ORS 656.268(1)(b).

Employer responds that this case is distinguishable from *Caren*, because (1) it is not about apportionment, as no portion of the range of motion and stability impairments are due to the compensable injury; and (2) it is not about a combined condition, because the compensable injury and the preexisting condition have not combined to cause impairment. Rather, the two distinct forms of impairment are caused solely by a noncompensable preexisting condition. Thus, employer contends, there is no basis for an award of benefits for those impairments under ORS 656.214.

We agree with SAIF that this case is not about apportionment, *per se*, which relates to a determination of

benefits for impairment when a type of impairment is caused in part by the work injury and in part by other, nonwork-related causes. For example, in *Caren*, 50 percent of the worker's impairment for lumbar strain was attributable to the work and 50 percent was attributable to a preexisting injury. 365 Or at 471. In *McDermott v. SAIF*, 286 Or App 406, 398 P3d 964 (2017), 40 percent of the worker's impairment findings to his knee was attributable to the compensable injury, and 60 percent of the impairment findings was attributable to preexisting arthritis. *Id*. at 409. In those cases, the question was whether there could be apportionment of the claimant's impairment to award only those benefits attributable to the work injury. Here, no part of claimant's range of motion or stability impairment is attributable to the work injury.

The case is also not about whether employer was required to deny a combined condition. There is no contention that the values for range of motion and stability represent a combining of claimant's work injury and her preexisting condition. The two impairments are not related to the compensable injury.

Thus, this case is distinguishable on its facts from *Caren*. The court's opinion only explicitly addresses claims that involve combined conditions. There is no combined condition here, but *Caren* nonetheless provides some guidance. The court said in *Caren* that, when the cause of the worker's impairment as a whole is split between the work injury and preexisting conditions, unless the employer has issued a combined condition denial pursuant to ORS 656.268(1)(b), the worker is entitled to "the full measure of the workers' permanent impairment," "if the impairment as a whole is caused in material part by the compensable injury." 365 Or at 487. Thus, the court held, when there is a combined condition, the only exception to payment of the worker's full impairment is if a combined condition has been identified and denied. The court's reasoning in *Caren* was that a claimant is entitled to some notice if the employer contends that a portion of the worker's impairment is not compensable. *Id*. at 484 ("In general, the workers' compensation laws require specific written notice whenever an

employer intends to deny compensation. ORS 656.262(9).").
The court said:

> "It is not plausible that the legislature intended employers
> to deny compensation to which a worker otherwise would
> be entitled for the worker's permanent impairment without
> providing a notice that affords the worker a meaningful
> opportunity to challenge that denial of compensation."

*Id*. at 486. The court's reasoning is applicable even in the
context of claims that do not involve some combining of the
work injury and the preexisting condition. If the employer
intends to assert that a portion of the claimant's impair-
ment is not related to the work injury, the employer is
required to issue a preclosure denial of the condition giving
rise to the impairment. Only then is the employer entitled
to a reduction in impairment benefits for the portion of the
impairment that is attributable to a cognizable preexisting
condition.

Here, claimant's impairment "as a whole" includes
her whole-person impairment, of which the work injury is a
material contributing cause, as well as her impairment due
to loss of range of motion and stability. Employer has not
denied the condition to which claimant's range-of-motion
and stability impairments are attributable. The board
therefore erred in concluding that claimant was not enti-
tled to be compensated for her range-of-motion and stability
impairment.

Reversed and remanded.