1

Submitted on remand from the Oregon Supreme Court November 26, 2019, reversed and remanded October 7, 2020, petition for review allowed February 19, 2021 (367 Or 559)
See later issue Oregon Reports

In the Matter of the Compensation of
Marisela Johnson, Claimant.

Marisela JOHNSON,
*Petitioner,*

*v.*

SAIF CORPORATION
and The Terrace Corporation,
*Respondents.*

Workers' Compensation Board
1202168, 1201864; A160491

475 P3d 465

On remand from the Supreme Court, the Court of Appeals is asked to reconsider its opinion in *Johnson v. SAIF*, 291 Or App 1, 7, 418 P3d 27 (2018), in light of *Caren v. Providence Health System Oregon*, 365 Or 466, 446 P3d 67 (2019). In its original opinion, the Court of Appeals affirmed the board's order determining that claimant's benefits for impairment could be reduced by the portion of claimant's impairment attributable to a denied preexisting shoulder condition. *Caren* holds that when a worker's impairment is caused by a combination of a work-related injury and a preexisting condition and the work-related injury is a material contributing cause of the total impairment, the worker is entitled to be compensated for the "full measure" of impairment, unless the employer has issued a preclosure denial of the worker's combined condition that has contributed to the worker's total impairment. *Held*: Although SAIF denied claimant's shoulder condition, SAIF has not denied the combined condition that was identified by the medical arbiter and that resulted in claimant's range-of-motion impairment in her hand. Accordingly, under *Caren*, claimant is entitled to be awarded the "full measure" of impairment.

Reversed and remanded.

On remand from the Oregon Supreme Court, *Johnson v. SAIF*, 365 Or 657, 451 P3d 1014 (2019).

Donald M. Hooton filed the briefs for petitioner.

Julie Masters filed the brief for respondents.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Lagesen, Judge.

EGAN, C. J.

Reversed and remanded.

**EGAN, C. J.**

This case is on remand from the Supreme Court for reconsideration in light of the court's opinion in *Caren v. Providence Health System Oregon*, 365 Or 466, 446 P3d 67 (2019). *Caren* involved a workers' compensation claim that the employer accepted for "lumbar strain." Medical arbiters ultimately opined that 70 percent of the claimant's range-of-motion impairment was due to preexisting arthritis, and the claimant's permanent disability award was apportioned, or reduced, accordingly. The claimant had not requested acceptance of a combined condition, and the employer had not accepted or denied a combined condition.

The Workers' Compensation Board upheld the apportionment, rejecting the claimant's contention that she was entitled to an award for her full range-of-motion impairment. In a per curiam opinion, *Caren v. Providence Health System Oregon*, 289 Or App 157, 406 P3d 158 (2018), we affirmed the board's order upholding an apportionment of benefits to reduce the claimant's benefits for impairment by the impairment attributable to the preexisting condition. We cited our opinion in *McDermott v. SAIF*, 286 Or App 406, 420, 398 P3d 904 (2017), *vacated and remanded*, 365 Or 651, 451 P3d 1014 (2019), in which we had held that a worker's benefits for impairment at the time of claim closure could be reduced by the percentage of impairment "due to" the worker's legally cognizable preexisting condition, *unless* the preexisting condition had been claimed by the worker, accepted by the employer as part of a combined condition, and remained compensable at the time of closure.

The Supreme Court allowed review in *Caren* to overrule our analysis in *McDermott*. Under the Supreme Court's opinion in *Caren*, if the work injury is a material contributing cause of the worker's new impairment but a portion of the new impairment is caused by a combining of the work injury and a cognizable preexisting condition, then benefits for the new impairment may be reduced by the new impairment caused by the combined condition *only* if the employer has identified the combined condition and denied it before claim closure pursuant to the procedure described in ORS

656.268(1)(b). 365 Or at 487. It is not the claimant's burden to first seek acceptance of a combined condition.[1] *Id.*

In this case, claimant had an accepted claim for an injury to her left hand and a denied claim for an injury to her left rotator cuff. In evaluating claimant's impairment from the accepted hand claim only, the medical arbiter identified limited range of motion attributable to the hand injury. He also identified a loss of grip strength, which he attributed to a combined condition attributable 50 percent to the hand injury and 50 percent to the shoulder conditions. The Appellate Review Unit (ARU) issued an order on reconsideration awarding claimant benefits for seven percent whole-person impairment for impairment to the left hand.[2] The impairment value for loss of grip strength was apportioned to the hand claim at 50 percent. The board upheld the apportionment, and we affirmed the board's order, rejecting claimant's contention that there should be no reduction in the impairment benefits for claimant's hand injury for a loss of grip strength attributable to claimant's denied shoulder condition. *Johnson v. SAIF*, 291 Or App 1, 7, 418 P3d 27 (2018). We first cited our opinion in *McDermott*, and reasoned that *McDermott* resolved most of claimant's statutory construction contentions. *Id.* at 4.

We then considered and addressed claimant's contention that apportionment is precluded under the Supreme Court's opinion in *Schleiss v. SAIF*, 354 Or 637, 655, 317 P3d

---

[1] We note that the Supreme Court's opinion in *Caren* implicitly overrules our opinion in *Croman Corp. v. Serrano*, 163 Or App 136, 140, 986 P2d 1253 (1999), in which we held that the preclosure denial of a combined condition claim applies only to an accepted combined condition claim.

[2] We note that the subsequently accepted claims for shoulder and left trapezius muscle sprain were not before the ARU. Impairment attributable to those conditions would be determined in a subsequent closure related to those conditions. *See Yi v. City of Portland*, 288 Or App 135, 138, 404 P3d 1098 (2017). (path for review of disability for a condition accepted after claim closure is not through modification of the notice of closure but through reconsideration of a subsequent notice of closure). ORS 656.262(7)(c) provides, in part:

"When an insurer or self-insured employer determines that the claim qualifies for claim closure, the insurer or self-insured employer shall issue at claim closure an updated notice of acceptance that specifies which conditions are compensable. *** Any objection to the update notice or appeal of denied conditions shall not delay claim closure pursuant to ORS 656.268. If a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition."

244 (2013), because claimant's preexisting shoulder condition was not a "legally cognizable" preexisting condition for which apportionment is available. Although we agreed with the claimant that his condition was not "legally cognizable" as a preexisting condition, we nonetheless upheld the apportionment of impairment benefits. *Johnson*, 291 Or App at 6. That is because the shoulder claim had been denied. *See* ORS 656.262(2) ("The compensation due under this chapter shall be paid periodically, *** except where the right to compensation is denied by the insurer or self-insured employer."); ORS 656.268(15) ("Conditions that are direct medical sequelae to the original accepted condition shall be included in rating permanent disability of the claim unless they have been specifically denied."). We concluded that a worker is not entitled to benefits for impairment due to a condition that has been denied and that benefits for impairment could be reduced by that the portion of claimant's impairment attributable to the denied shoulder claim. *Johnson*, 291 Or App at 7.

The Supreme Court now asks us to reconsider our opinion in light of its opinion in *Caren*. When a worker's impairment is caused by a combination of a work-related injury and a cognizable preexisting condition, and the work-related injury is a material contributing cause of the total impairment, *Caren* holds that the worker is entitled to be compensated for the "full measure" of impairment, unless the employer has issued a preclosure denial of the worker's combined condition that has contributed to the worker's total impairment. 365 Or at 487.

*Caren* did not explicitly address the issue presented here—whether a worker should be compensated for the "full measure" of impairment caused in material part by a work injury in combination with a noncognizable preexisting condition that the employer has previously denied outright. But there is discussion in *Caren* that leads us to conclude that claimant is entitled to the "full measure" of impairment. The court held in *Caren* that, when a worker's impairment is due to a combining of the compensable injury and a preexisting condition, "the legislature intended that injured workers would be fully compensated for new impairment if it is due

in material part to the compensable injury, except where an employer has made use of the statutory process for reducing liability after issuing a combined condition denial." 365 Or at 468. Although SAIF denied claimant's shoulder condition, SAIF has not denied the combined condition that was identified by the medical arbiter and that resulted in claimant's range-of-motion impairment in her hand. Accordingly, under *Caren*, claimant is entitled to be awarded the "full measure" of impairment.

Reversed and remanded.