Argued and submitted September 17, 2020, reversed and remanded
February 2, 2022

In the Matter of the Compensation of
Reina Cruz-Salazar, Claimant.

Reina CRUZ-SALAZAR,
*Petitioner,*

*v.*

SAIF CORPORATION
and KB Restaurant,
*Respondents.*

Workers' Compensation Board
1801511; A171110

506 P3d 1145

Claimant seeks review of an order of the Workers' Compensation Board (board) affirming an order of an administrative law judge that reduced claimant's award of benefits for impairment caused by undiagnosed conditions. *Held*: The Court of Appeals remanded the case to the board for reconsideration in light of the Supreme Court's opinion in *Caren v. Providence Health System Oregon*, 365 Or 466, 487, 446 P3d 67 (2019), holding that a worker is entitled to benefits for the worker's total impairment if the work injury is a material contributing cause of the worker's total impairment.

Reversed and remanded.

Philip M. Lebenbaum argued the cause for petitioner. On the briefs was Theodore P. Heus.

Allison Lesh argued the cause and filed the brief for respondents.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and DeHoog, Judge pro tempore.*

DeHOOG, J. pro tempore.

Reversed and remanded.

_____
* Lagesen, C. J., *vice* DeVore, S. J.

**DeHOOG, J. pro tempore**

Claimant seeks review of an order of the Workers' Compensation Board (board) affirming an order of an administrative law judge (ALJ) that had reduced claimant's award of benefits for impairment made by the Appellate Review Unit of the Workers' Compensation Division of the Department of Consumer and Business Services (ARU). We conclude that, in light of the Supreme Court's opinion in *Caren v. Providence Health System Oregon*, 365 Or 466, 487, 446 P3d 67 (2019), which issued after the board's order in this case, the board erred, and we therefore reverse and remand for reconsideration.

Claimant injured her left arm at work after slipping and falling on a wet floor. SAIF, on behalf of its insured employer KB Restaurant—KGK Foods—Carl's Jr., accepted a claim for "left elbow contusion and impingement syndrome of left shoulder." After claimant's attending physician determined that claimant's injury was medically stationary, SAIF issued a notice of closure that did not award any benefits for permanent disability. On reconsideration, a medical arbiter opined that claimant had findings, such as decreased sensation, that were not explained by the medical record and that were possibly indicative of undiagnosed conditions. He opined that 20 percent of claimant's impairment was due to the accepted condition and 80 percent due to the undiagnosed conditions. The ARU awarded claimant benefits for 100 percent of her impairment, including impairment potentially linked to the as-yet undiagnosed conditions.

The ALJ reduced that award, reasoning that the apportionment of benefits for impairment was appropriate under *former* OAR 436-035-0007(1) (2017), because the record did not establish that the impairment due to the undiagnosed conditions was attributable to the accepted conditions. The board upheld the apportionment, reasoning that claimant was not entitled to benefits for impairment due to conditions that had not been claimed and accepted, essentially reasoning that, under ORS 656.214(1)(a) (providing that "[p]ermanent impairment resulting from the compensable industrial injury" is "the loss of use or function of a body part or system due to the compensable industrial

injury"); ORS 656.268(15)[1] ("Conditions that are direct medical sequelae to the original accepted condition shall be included in rating permanent disability of the claim unless they have been specifically denied."); and OAR 436-035-0007 (2017), benefits for impairment may not be awarded for a condition that has not been accepted or that is not the direct medical sequela of an accepted condition.

On judicial review, claimant contends that the board's order must be reversed in light of the Supreme Court's opinions in *Caren*, in which the court held that a worker is entitled to benefits for the worker's total impairment if the work injury is a material contributing cause of the worker's total impairment, and *Schleiss v. SAIF*, 354 Or 637, 317 P3d 244 (2013), in which the court held that apportionment may be applied only to "legally cognizable" preexisting conditions.

Claimant is correct that *Caren* requires a reversal of the board's order. *Caren* involved the question of whether a claimant's benefit for impairment could be reduced by that portion of the impairment caused by a preexisting condition. The court said in *Caren* that, by providing a process for claim closure in claims involving combined conditions, ORS 656.268(1)(b) (setting forth procedure for the denial of combined conditions), the legislature had created an exception to the "general rule" that a worker is to be compensated for total impairment that is caused in material part by the compensable injury.

> "[T]he method for calculating impairment in cases of combined conditions [as described in ORS 656.268(1)(b)] is an exception to, and limitation on, the general rule that the employer pays compensation for the full measure of the workers' permanent impairment if the impairment as a whole is caused in material part by the compensable injury."

*Caren*, 365 Or at 487. The court held that, if an insurer believes that a portion of a worker's impairment is due to a combining of the compensable injury with a preexisting condition, it is not up to the claimant to first seek benefits for

---

[1] ORS 656.268 has been amended since the filing of the claim, but the relevant subsections are unchanged. We therefore cite to the version currently in effect.

the preexisting condition; it is the insurer's responsibility to deny that condition before claim closure. *Id.* at 480-81. If the insurer does not deny the condition before claim closure, the claimant is entitled to benefits for the total impairment caused in material part by the compensable injury.

As we understand the court's opinion in *Caren*, it means that a worker's total impairment is compensable if it is caused in material part by a compensable injury, and that benefits for impairment may not be reduced for impairment caused by a preexisting condition, unless (1) the preexisting condition is one that is "cognizable" under ORS 656.005(24) (to qualify as a preexisting condition, a condition must have been treated or diagnosed before the compensable injury, "[e]xcept for claims in which a preexisting condition is arthritis or an arthritic condition"); and (2), before claim closure, the insurer has formally denied a combined condition involving the preexisting condition. If those procedural steps do not occur before claim closure, apportionment of impairment is not permitted under ORS 656.214 or ORS 656.268(1)(b). Here, the medical record shows that claimant's impairment is caused in material part by her work-related injury. SAIF did not, before claim closure, deny the undiagnosed conditions that the medical arbiter determined contribute to her impairment. Thus, under *Caren*, claimant is entitled to benefits for the full measure of her impairment.

We recognize, as SAIF contends, that this case is factually distinguishable from *Caren*, because it is not known whether claimant's undiagnosed conditions contributing to her impairment are cognizable preexisting conditions or whether her impairment is due to a combining of her otherwise compensable injury and those undiagnosed conditions. But *Caren*'s statement of the general rule relating to benefits for impairment—"the employer pays compensation for the full measure of the workers' permanent impairment if the impairment as a whole is caused in material part by the compensable injury," 365 Or at 487—is not limited to claims involving combined conditions. SAIF raises statutory construction arguments that were addressed and rejected by the court in *Caren*. SAIF's argument is, in essence, with *Caren*, which, of course, is binding on this court. Unless and until the Supreme Court qualifies or limits its statement

of the general rule relating to a worker's right to compensation for impairment, we assume that the court intended for it to be applied as written: If a worker's total impairment is caused in material part by a compensable injury, the worker is entitled to benefits for the total impairment, unless the insurer has, before claim closure, denied that portion of the impairment that is not attributable to the compensable injury. Our conclusion is consistent with other cases in which we have addressed the court's holding in *Caren*. *Robinette v. SAIF*, 307 Or App 11, 475 P3d 470 (2020), *rev allowed*, 367 Or 559 (2021) (citing *Caren* in support of holding that claimant was entitled to compensation for full measure of impairment caused in material part by a compensable injury because, before claim closure, employer had not denied claimant's loss of range of motion and stability in her knee caused entirely by preexisting conditions that had not been accepted or denied); *Johnson v. SAIF*, 307 Or App 1, 475 P3d 465 (2020), *rev allowed*, 367 Or 559 (2021) (citing *Caren* in support of holding that worker is entitled to be compensated for the "full measure" of impairment caused in material part by work injury in combination with a noncognizable preexisting condition, despite the fact that the noncognizable preexisting condition had previously been denied outright, because, before claim closure, the employer had not denied the combined condition). We therefore reverse the board's order and remand for reconsideration in light of *Caren*.

Reversed and remanded.